Jean R. **FALLON**, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

No. CV 75–24–BU.

United States District Court, D. Montana, Butte Division.

Jan. 23, 1976.

McKeon & Shakles, Anaconda, Mont., for plaintiff.

Helena S. Maclay, Asst. U. S. Atty., Butte, Mont., for defendant.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

In this Federal Tort Claims Act case, the United States has filed certified copies of the Postal Service file and has moved for summary judgment.

Plaintiff slipped on the steps of the Anaconda Post Office on August 23, 1972. On August 20, 1974, a claim on Standard Form 95 was submitted. In Item 8 of the form, on the line designated "PERSONAL INJURY" the words and figures "Approximately $15,000.00" appear. The "PROPERTY DAMAGE" and "TOTAL" lines were left blank. The date of the injury is incorrectly shown as August 23, 1974, but the Postal Service had been notified by letter of the correct date, and no claim is made by the United States that the erroneous date vitiated the claim. On about October 1, 1974, an amended claim was filed claiming damages for personal injuries in the sum of $15,161.01. That claim was in all respects sufficient.

The United States takes the position that the initial claim was defective in that it did not claim damages in a sum certain as required by 28 C.F.R. § 14.2(a)[1] and that no valid claim having been filed within the statutory two-year

1. "(a) For purposes of the provisions of section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have oc-

period, the action is barred. 28 U.S.C. § 2401(b).

▮ Under present case law there is no question but that the filing of a claim is a condition of jurisdiction and that if a claim is not filed within the time prescribed, a federal district court has no jurisdiction over the tort claim. It is also settled that federal employees may not by their actions estop the United States from asserting the lack of jurisdiction. *Powers v. United States,* 390 F.2d 602 (9th Cir. 1968); *Pittman v. United States,* 341 F.2d 739 (9th Cir. 1965). If the filed claim fails to state money damages in a sum certain,[2] it is treated as a nullity and the statute continues to run. *Avril v. United States,* 461 F.2d 1090 (9th Cir. 1972). Once the two-year period has run and jurisdiction has been lost, it may not be reinvested by filing of an amended claim. *See Lomax v. United States,* 155 F.Supp. 354 (E.D.Pa.1957).

Since the Form 95 filed clearly shows that no property damages are claimed, I think it immaterial that the blank showing the total demand was not filled in. The sole question then is: What is the effect of the word "approximately"? It does act to make the figure $15,000.00 uncertain, and unless some rule of interpretation can be employed to eliminate the word "approximately," the plaintiff will be denied her day in court by reason of a formal defect unrelated to the substance of the claim and not prejudicial to the Government in its administrative handling of it.

▮ A pleading or a claim has the legal effect which the law gives to it, and in the final analysis that means the pleading or claim says what the courts say it says. In the interpretation of complaints, the courts disregard words which they deem to be surplusage, and words which are surplusage do not vitiate a complaint provided that they do not negate the claim. *Bishop & Co. v.*

*Midland Bank,* 84 F.2d 585 (9th Cir. 1936). Administrative claims should be so interpreted to prevent technical and unjust results if such an interpretation can be applied without thwarting the purpose which the regulation seeks to serve. Where a claim filed with a federal agency contains definite figures rendered uncertain by the use of qualifying words, there seems to be no valid reason why the agencies and the courts cannot treat the additional words as surplusage, leaving the certain amounts stated as the claim. If a rule of interpretation requires the elimination of the surplusage, and I hold that it does, then the claim here, so interpreted, is certain. The purpose of 28 C.F.R. § 14.2(a) was stated in *Caton v. United States, supra* note 2, at 637–38, as follows:

Thus after the 1966 amendment "an amount certain" in the claim was not needed to identify the claim as one subject to administrative settlement by the agency, except that the prior written approval of the Attorney General or his designee was required when the claim exceeded $25,000. There still remained the need for the claim to state "a sum certain" to identify the claim which might require Attorney General approval and to identify the claim which, if settled for $25,000 or less, would be paid out of available appropriations.

Secondly, such identification was needed in connection with insurance coverage that might exist, as it did here, for the governmental agency activity.

Another function of the claim is to limit the amount of the ultimate recovery. 28 U.S.C § 2675.

This rule of interpretation would not thwart the purposes of 28 C.F.R. § 14.-2(a). If the word "approximately" is eliminated, the claim is for $15,000.00. That amount would constitute a limitation on the amount of recovery, would

---

curred by reason of the incident. If a claim is presented to the wrong Federal agency, that agency shall transfer it forthwith to the appropriate agency."

2. 28 C.F.R. § 14.2(a) is a valid regulation. *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974).

advise the agency whether Attorney General approval were needed, and would suffice for insurance purposes.[3]

The motion for summary judgment is treated as a motion to dismiss for want of jurisdiction, and is denied.

 I am of the opinion that the order made herein involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation.

**3.** The result reached here is contrary to the result in *Robinson v. United States Navy*, 342 F.Supp. 381 (E.D.Pa.1972). There the claim was for automobile damages and personal injuries and was stated as "$2,135.45 plus personal injury." The court refused to accept jurisdiction as to the automobile damages, which were stated in a certain amount. Under the ruling here, the words "*plus personal injury*" would have been treated as surplusage, and the claim for $2,135.45 property damage would have been allowed.