**INDUSTRIAL INDEMNITY COMPANY,**
a corporation, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**No. CIV.S–78–661 RAR.**

United States District Court,
E. D. California.

Dec. 5, 1980.

Robert A. Christison, Andre Hassid, Sacramento, Cal., for plaintiff.

Garland E. Burrell, Jr., Asst. U. S. Atty., Sacramento, Cal., for defendant.

## OPINION

RAMIREZ, District Judge.

### FACTS

According to the allegations of the complaint, the plaintiff, INDUSTRIAL INDEMNITY COMPANY, is the workers' compensation carrier for Spot Commercial Maintenance, Inc., the employer of Lisa Chavez. On August 27, 1975, while working within the course and scope of her employment at Travis Air Force Base, Fairfield, California, Ms. Chavez slipped and fell on wet paint, sustaining the various injuries complained of. As a result of the workers' compensation insurance policy, plaintiff became obligated to compensate Ms. Chavez for her injuries and now seeks reimbursement for that compensation from the defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671 *et seq.*

On November 11, 1975, plaintiff filed an administrative claim with the defendant, employing for that purpose Standard Form 95. (See C.F.R. § 14.2[a]) In the space provided for the amount of the claim dealing with personal injuries, Item 10 of the form, plaintiff entered the notation "$560.00*" and by way of an asterisk referred the claims officer to the following notation at the bottom of the form:

SUBSTANTIATION WILL BE SUPPLIED UPON REQUEST. COMPENSATION BENEFITS ARE CONTINUING AND WILL CONTINUE FOR AN INDEFINITE PERIOD OF TIME.

The agency failed to respond to plaintiff's claim until April 25, 1978, when the claims officer wrote to the plaintiff and offered to settle the claim immediately for $560.00 upon substantiation of said amount. Plaintiff made no response to the offer for settlement. In addition thereto and during the two and one-half year period in which the claim was pending, plaintiff made no effort to amend the claim despite the fact that plaintiff ultimately compromised its liability to Ms. Chavez in November 1977 for $8,984.52.

On June 14, 1978, plaintiff's claim was denied in its entirety and plaintiff was advised that if dissatisfied with the denial, plaintiff could request reconsideration of the claim or file suit in the federal district court within six months of the date of mailing of said denial. (See 28 C.F.R. § 14.9) On July 25, 1978, plaintiff requested reconsideration of the decision denying plaintiff's claim and by undated communication was advised that the request for reconsideration would be denied in all respects.

Thereafter, plaintiff filed its present lawsuit in the Federal District Court, for the Eastern District of California on December 14, 1978, well within the six month period established by 28 U.S.C. § 2401(b). (See also 28 C.F.R. § 14.9(b), which provides that a timely request for reconsideration delays the accrual of the right to file an action in federal district court)

Defendant, UNITED STATES OF AMERICA, now moves the Court for summary judgment on the following grounds: (1) that the inclusion of the asterisked material rendered the amount demanded uncertain, and thus the administrative claim was at all times defective, and (2) the failure of the plaintiff to supply the substantiation requested rendered the administrative claim defective in a *nunc pro tunc* manner.

## THE "SUM CERTAIN" REQUIREMENT

As a general rule, the United States enjoys sovereign immunity in all respects save in those instances where immunity is waived based upon compliance with various stated conditions. In absence of compliance with those stated conditions, there is no waiver and the federal court is deprived of any and all jurisdiction. See *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). One of the conditions of the government's waiver of sovereign immunity is the filing of an administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, 2675(a). Without the filing of the administrative claim, there is no waiver of immunity and the Court is without jurisdiction to entertain the lawsuit. *House v. Mine Safety Appliances Co.*, 573 F.2d 609 (9th Cir. 1978), *Blain v. United States*, 552 F.2d 289 (9th Cir. 1977).

In addition to the requirement that a would-be litigant file an administrative claim, the claim must conform in all respects with statute, 28 U.S.C. § 2675 and regulation 28 C.F.R., Part 14, 28 U.S.C. § 2672. The filing of a deficient administrative claim is tantamount to no filing at all. *House v. Mine Safety Appliances, supra, Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977), *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974).

In order to effectuate a proper claim pursuant to the Federal Tort Claims Act, the claimant is required to state a sum certain. *Caidin v. United States, supra, Caton v. United States, supra, Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972). As the court observed in *Caidin v. United States, supra*:

> The cases establish that the sum certain requirement demands more than mere general notice to the government of the approximate amount of the claim. *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975). Since the purpose of the administrative claim is to facilitate settlement of these disputes, a *specific dollar amount* is necessary to allow a

realistic assessment of the settlement value of a case.

564 F.2d at 287 (emphasis supplied).

Although the government concedes that the plaintiff's SF–95 did state an exact dollar amount, *i. e.,* $560.00, the government contends that the addition of the asterisked material rendered that figure uncertain and therefore the claim defective.

The Ninth Circuit cases cited herein do not address the unique situation presented by this case. In *Avril v. United States, supra,* the claimants filed a SF–95 that left the amount of the claim entirely blank. In *Caton v. United States, supra,* the claimant described the amount of her damage as "unknown at this time". In *Caidin v. United States, supra,* the claimant filed an administrative claim that sought $100,000.00 for an entire class of claimants which purportedly included the plaintiff. Since plaintiff was without authority to represent the class in the filing of the claim, the court found that plaintiff's claim stated no specific figure for plaintiff's *own* damages and was therefore defective for failing to state a sum certain. Finally, in *House v. Mine Safety Appliances, supra,* the court declared that plaintiff had failed to state a sum certain for her *own* damages where plaintiff attempted to satisfy the claim requirements by making reference to the claim filed by others similarly situated.

In conclusion, it is clear that the Ninth Circuit cases cited by the government do not hold, as the government now contends, that the inclusion of words of qualification in addition to a specific dollar amount renders an administrative claim defective for failure to state a sum certain.

In absence of controlling Ninth Circuit precedent, the government has cited this Court to decisions of other circuits, *Allen v. United States,* 517 F.2d 1328 (6th Cir. 1975), *Melo v. United States,* 505 F.2d 1026 (8th Cir. 1974), and other district courts, of which there are many. None of the cases to which the Court has been cited, and none of the cases which the Court has examined on its own, are precisely on point. In *Allen v. United States, supra,* and *Robinson v.*

*United States Navy,* 342 F.Supp. 381 (E.D. Pa.1972), the court held that an indefinite answer as to one element of damage defeated recovery even if there was a sum certain stated as to another element of damage. Compare, however, the decisions in *Fallon v. United States,* 405 F.Supp. 1320 (D.Mont. 1976) and *Church v. United States,* 409 F.Supp. 285 (D.Del.1976), where the claimant had inserted the word "approximately" as part of the claim and the court found that the insertion of said word did not detract from a reasoned evaluation of the claim—especially where the specific dollar figure given was in fact a close approximation of the claimant's actual damage.

■ For these reasons and all other reasons as stated herein, the Court concludes that the inclusion of the asterisked material does not render the administrative claim of the plaintiff void *ab initio.* The plaintiff did in fact specify a sum certain in the claim, and the insertion of additional language by reason of the use of the asterisk will be treated as mere surplusage. (See *Fallon v. United States, supra*) In the present case, the inclusion of the words of qualification in no way prevented the administrative agency from acting on the claim especially since the claimant agreed, by submitting the claim, to accept the requested amount in full satisfaction and final settlement of all claims. Having signed the SF–95, plaintiff bound itself to accept $560.00 in full satisfaction of its claim against the government. Thus the basic purpose of the administrative claim provision, enabling the federal agency to settle appropriate claims promptly and efficiently, is in no way disserved by the court's finding that the inclusion of the words of qualification were surplusage. The administrative claim does contain a specific dollar amount and the federal agency is entitled to, and should, ignore the verbiage.

### THE SUBSTANTIATION REQUIREMENT

The government next argues that even if the administrative claim was valid when filed, nevertheless plaintiff's failure to pro-

vide the requested substantiation of the claim rendered the claim a nullity. In making this argument, the government relies on various case law and regulations which provide that the federal agency evaluating the claim may require the claimant to produce documentation in support of either the validity or amount of the claim. (See *Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D. N.Y.1975), *Rothman v. United States*, 434 F.Supp. 13 (C.D.Cal.1977), 14 C.F.R. § 14.4)

■ The initial premise of the government is unassailable inasmuch as the regulation authorizing the agency to require the claimant to substantiate his claim is a valid one and serves the policies underlying the administrative claim procedure. (See *Caton v. United States, supra*) As the court observed in *Kornbluth v. Savannah, supra*:

> The purpose of requiring preliminary administration of a claim is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits. These purposes would be defeated if a claimant could refuse to submit the information necessary for the agency to evaluate the claim and then present the matter for the first time to a district court.

398 F.Supp. at 1268, accord, *Cummings v. United States*, 449 F.Supp. 40 (D.Mont. 1978).

■ The adoption by the Court of the government's initial premise does not mean that this Court adopts the government's ultimate conclusion. Here the government did nothing about the claim for two and one-half years and thereafter wrote one letter offering to settle the case upon receipt of substantiation. After giving the claimant seven weeks in which to respond, the government abruptly denied the claim. Under these circumstances, the rationale of *Kornbluth* and *Rothman* is not persuasive inasmuch as the federal agencies in *Kornbluth* and *Rothman* twice demanded the substantiation of the claim and, in addition thereto, gave the claimant a considerable period of time in which to respond to the demand. In the instant case, by comparison, the agency made only one demand and waited only seven weeks for the production of the requested material. Moreover, the letter requesting the documentation set no limits within which the claimant had to respond and was silent on the consequences of non-production.

There is no question but that the federal agencies are free to enact regulations governing the time, place and manner for the production of requested substantiation. 28 U.S.C. § 2672; 28 C.F.R. §§ 14.4, 14.11; *Caton v. United States, supra*. Since neither the Attorney General nor the administrative agency in the present case has done so, however, this Court is obliged to evaluate agency conduct in the absence of regulation.

In the present case, the Court finds that the agency conduct was not reasonable due to the combination of the following factors: the shortness of the time afforded the claimant within which to respond *and* the lack of warning, at the time of the demand, of the consequences of nonresponsiveness. The Court does not wish to be understood as suggesting that either factor standing alone could support the finding. Were the administrative agency to advise the claimant at the time of its demand that failure to respond to the request would result in denial of the administrative claim and/or invalidation of a subsequently filed lawsuit, the Court might be inclined to find that seven weeks was an adequate time within which to produce the requested substantiation or to at least request an extension of time.

■ For the foregoing reasons, the Court finds that while failure of a claimant to produce substantiation after reasonable opportunity to do so vitiates the administrative claim, in the present case the administrative agency did not permit plaintiff a reasonable opportunity to produce the requested substantiation. Thus, the administrative claim filed by the plaintiff meets the minimal requirements of 28 U.S.C.

§ 2675 and this Court has jurisdiction to entertain the lawsuit.[1]

### THE AMOUNT RECOVERABLE

It is the plaintiff's contention that it is now entitled to sue not merely for the $560.00 it requested in its administrative claim, but for the $8,984.52 it actually paid to Ms. Chavez for injuries incurred. The plaintiff argues that its position as workers' compensation carrier places it within the scope of the exception to 28 U.S.C. § 2675(b).[2] In particular, plaintiff contends that the nature of the workers' compensation business is such that the on-going liability ought always to be regarded as an "intervening fact, relating to the amount of the claim."

 The plaintiff's contention must fail inasmuch as plaintiff had the right at any time prior to final agency action to amend the claim. (See 28 C.F.R. § 14.2(b), *Woirhaye v. United States*, 609 F.2d 1303 (9th Cir. 1979) By the plaintiff's own admission, the obligation to Ms. Chavez was compromised in November 1977, well in advance of the date the claim was ultimately subjected to final agency action.[3] Under these circumstances, the increased sum actually paid to Ms. Chavez can hardly be said to be an intervening fact within the meaning of 28 U.S.C. § 2675(b).

The plaintiff's argument must also fail because the plaintiff has failed to demonstrate any rationale why workers' compensation carriers are any different from any other litigants. All litigants are required to place a dollar value on their injuries (including prospective expenses and suffering), within the two years allowed to file an administrative claim. Indeed, workers' compensation carriers enjoy a unique expertise in the field and are probably better able than most litigants to calculate the present value of an on-going liability.

For these reasons and all other reasons as more particularly stated herein, the government's motion for summary judgment will be denied but the *ad damnum* clause of the complaint will be reduced to the sum of $560.00, inclusive.

IT IS SO ORDERED.

---

1. Obviously, future litigation on the question of what is a reasonable opportunity to respond to a request for substantiation would be foreclosed by appropriate regulation, and this course is commended to the Attorney General by this Court.

2. 28 U.S.C. § 2675(b) provides:
   Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

3. The government has contended that the plaintiff could not amend its claim because the original claim was void *ab initio* for failure to state a sum certain. This argument has been rejected, *supra*, and in any event, the plaintiff had no reason to suspect in November 1977 that its originally filed claim could not have been amended. Its failure to do so cannot be attributed to anything except its own negligence and inadvertence.