**Everett ERXLEBEN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 80–1907.**

United States Court of Appeals, Seventh Circuit.

Submitted on Records and Briefs Nov. 24, 1981.*

Decided Dec. 28, 1981.

---

* After preliminary examination of the briefs, the Court notified the parties that it had tentatively concluded that argument would not be helpful to the Court in this case. The notice provided that any party might file a 'Statement as to Need for Oral Argument.' No such statements having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 14(f).

Daniel Lampitt, Pekin, Ill., for plaintiff-appellant.

Janet L. Jannusch, Asst. U. S. Atty., Gerald D. Fines, U. S. Atty., Peoria, Ill., for defendant-appellee.

Before PELL, SPRECHER, and WOOD, Circuit Judges.

PER CURIAM.

This case presents for review the question of whether the contents of a form submitted by the plaintiff-appellant to the Department of the Navy satisfied the Federal Torts Claim Act requirement that a claimant against the United States must, before filing suit, present a claim for a "sum certain" to an appropriate federal agency. The district court found that the administrative claim was not for a "sum certain," and thus it dismissed the appellant's complaint on the ground that it lacked subject matter jurisdiction over the action. For the reasons noted below, we vacate that decision and remand the case for further proceedings.

I

On January 13, 1978, the appellant, Everett Erxleben, was involved in an automobile collision with Daniel Totten, a Navy re-

cruiter, who at the time was driving an automobile owned by the United States. After the accident, appellant's insurer, State Farm Fire and Casualty Company, filed a notice with the Department of the Navy stating that it intended to seek reimbursement from that department for medical payments it was required to make to the appellant. The department responded with a letter which explained that before any claim could be processed it was necessary that three copies of Standard Form 95 be submitted. The appropriate forms were enclosed. The letter continued, "When completing the Standard Form 95 please follow carefully the instructions printed on the reverse of the forms and be sure to state a sum certain in block 10D."

On June 8, 1978, the department received from State Farm the following items: a Standard Form 95, executed by the appellant; a second notice of reimbursement, referring to medical and vehicle damage payments, specifying the amount of medical payments paid by the company; and certain expenditure "drafts" and a "subrogation receipt." Item 10 of the Standard Form 95 (Amount of Claim) was completed as follows: A. Property Damage—"$109," B. Personal Injury—"$149.42 presently," C. Wrongful Death—"0," and D. Total—"$259.34." On June 16, 1978, the department returned that form to State Farm, and in an accompanying letter stated:

> Federal claims regulations require that all claims be made for a sum certain. As the amount of your claim is qualified, "$149.42 presently", it cannot be considered as being for a sum certain.

Neither State Farm nor the appellant took any further administrative action.

On January 14, 1980, the appellant filed a civil suit against Daniel Totten in the Circuit Court of the Seventh Judicial Circuit, Tazewell County, Illinois, asking damages in excess of $10,000 for the same injuries. On February 13, 1980, the case was re-moved to the United States District Court for the Central District of Illinois, and on the same day, the United States moved that court for an order substituting it as the defendant in the action. The court granted that motion.

On February 27, 1980, the government moved the court to dismiss the complaint on the ground that it lacked subject matter jurisdiction over the action. A hearing was held on April 25, 1980, at which time the court allowed the motion and entered judgment in favor of the appellee. This appeal follows.

## II

The government's motion to dismiss was based upon its assertion that the Standard Form 95, executed by the appellant and received by the Department of the Navy, was invalid because it did not state a "sum certain" as required by the Federal Torts Claim Act. The government argued that, because the appellant filed no other valid claim, he failed to exhaust his administrative remedies, and thus his suit was barred.

### A

The Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.*, is a congressional waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Section 2675(a) does mandate that, as a prerequisite to filing a suit against the United States under the Act, a claimant must present notice of his claim to the appropriate federal agency.[1]

28 U.S.C. § 2401(b) imposes a two year limitation period within which that claim must be made. If the administrative claim is made in a timely fashion, the claimant can bring suit to recover for the same injuries only if the agency issues a final determination in writing or if the agency fails to make a final disposition within six months

---

1. 28 U.S.C. § 2675(a) provides in part:

    An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the ·Government while acting within the scope of his office or employment, unless the claimant shall have first presented his claim to the appropriate federal agency . . .

after the claim is filed. § 2675(a). Satisfaction of the administrative exhaustion requirement is a condition precedent to a federal court's jurisdiction over a subsequent suit. It cannot be waived. *Best Bearings Co. v. United States*, 463 F.2d 1177 (7th Cir. 1972); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975).

In the present case, if the appellant's claim form as submitted was not sufficient as a presentation of his claim under section 2675(a), the government's position was correct, and the district court's dismissal is proper. If, however, the claim was adequately presented, the department's failure to make a final disposition can be treated as a denial, and the exhaustion bar is removed.[2]

### B

■ The government's reading of the "sum certain" requirement into section 2675(a) is predicated on the federal regulation implementing that statutory procedure. 28 C.F.R. § 14.2(a) provides in pertinent part:

> [A] claim shall be deemed to have been presented when a federal agency receives

from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

We have recognized the applicability of that regulation, *Best Bearings Co. v. United States*, 463 F.2d at 1179, and other courts have specifically found that section 2675(a) incorporates the "sum certain" provision of the regulation. *Molinar v. United States*, 515 F.2d at 248–49; *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974).[3]

■ The filing of a "sum certain" facilitates the administrative disposition of a claim. It also allows the agency to determine whether a proposed settlement will require the approval of the Attorney General under 28 U.S.C. § 2672.[4] Finally, subject to the exceptions of section 2675(b), it places a limit on the amount a claimant can recover in any future action involving the same injury.[5] *Molinar v. United States*, 515 F.2d at 249. *See Adams v. United States*, 615 F.2d at 289.[6]

---

**2.** The June 8, 1978 filing was within the time limits of § 2401(b).

**3.** Note that this specific regulation on its face applies only to 28 U.S.C. § 2672. That statutory provision concerns the settlement of administrative claims. In *Adams v. United States*, 615 F.2d 284, *reh. denied*, 622 F.2d 197 (5th Cir. 1980), the Fifth Circuit questioned the direct relation of 28 C.F.R. § 14.2(a) and § 2675. That court read § 2675 "as requiring by its own terms that a claimant place a dollar amount on his damages." *Id.* at 291–92 n. 15. The result under either interpretation is the same. The "claim" under § 2675(a) must be for a specific dollar sum.

**4.** That provision states in part:
> That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee.

**5.** § 2675(b) provides:
> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting

the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

**6.** Although the distinction regarding the source of the "sum certain" requirement of § 2675(a) drawn in *Adams* may not be critical, *see* note 3 *supra*, that case does point out an important difference between the overall requirements of § 2675 and § 2672:
> Presentation of a claim and its settlement are distinct processes: "[section 2672] authorize[s] the head of each Federal agency to settle or compromise any tort claim presented to him [under section 2675]."
>
> A claimant will ordinarily comply with 28 C.F.R. §§ 14.1–14.11 if he or she wishes to settle his or her claim with the appropriate agency. These requirements go far beyond the notice requirement of section 2675.

615 F.2d at 290 (citation omitted).
> An individual ... satisfies section 2675's requirement ... if [he] (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.

*Id.* at 289 (citation omitted).

The government's presentation of the requirements of section 2675 in terms of a "sum certain" is appropriate. The inquiry becomes whether the appellant stated such a sum.

### C

■ It is well settled that a Standard Form 95 filed with the "amount of claim" omitted is invalid.[7] Likewise, a separate claim notice submitted without a specific dollar amount is ineffective.[8] However, that precedent does not control the present case. The purposes for requiring a "sum certain" noted above are necessarily defeated when there is a total failure to place a value on the claim. In this case, though, the appellant did state specific dollar amounts for property damage, personal injury, and total damage. This dispute arose because he included the term "presently" after his dollar figure under the personal injury heading. We must ask whether that addition rendered his claimed sum uncertain.

In its response to that question, the government relies most heavily on *Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975), *Robinson v. United States*, 342 F.Supp. 381 (E.D.Pa.1972), and *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971). Yet none of those cases are dispositive. In *Allen*, the claimant filed a Standard Form 95 with a dollar amount stated for property damage, but with the "personal injury" and "total" spaces left blank. Subsequently, he initiated a suit for personal injuries which the district court dismissed. That result falls within the general rule. The claimant completely failed to place a value on his personal injury claim. In *Robinson*, the claimant entered a specific property damage claim on his Standard Form 95, but listed his personal injury claim as "unknown" and his total claim as "2,135.45 plus

personal injury." Again, the district court dismissed. Considering the purposes of the "sum certain" requirement, it is obvious why the court reached that result. There was no way for the agency involved to fix a total value for the claim. Thus, it could not respond, and because of the reservation of the personal injury claim, it could not be guaranteed that the claimant would be bound to a specific dollar limit in the future. Finally, in *Bialowas*, the claimant's entries under the "amount of claim" headings were even more cryptic. In the property damage block he wrote "Estimate—$184.35, $243.50." In the personal injury block he wrote "neck, chest and right arm." And in the block reserved for the total amount he wrote "Price of X-rays $35.00." Again, understandably, the district court dismissed the subsequent suit.

The present case is factually much closer to *Fallon v. United States*, 405 F.Supp. 1320 (D.Mont.1976). In that case the claimant, using a Standard Form 95, filed a personal injury claim valued at "approximately $15,000.00." The district court treated that as a valid claim and denied the government's motion to dismiss the later civil suit. The court reasoned that:

> (w)here a claim filed with a federal agency contains definite figures rendered uncertain by the use of qualifying words, there seems to be no valid reason why the agencies and the courts cannot treat the additional words as surplusage, leaving the certain amounts stated as the claim.

*Id.* at 1322. Such an interpretation is responsive to the need for a "sum certain." The definite dollar amount can serve as a limitation on the amount of recovery, and it can guide the agency in its disposition of the claim.

A similar result was reached in *Industrial Indemnity Company v. United States*, 504 F.Supp. 394 (E.D.Cal.1980). The claimant

---

7. *Avril v. United States*, 461 F.2d 1090 (6th Cir. 1972); *Cooper v. United States*, 498 F.Supp. 116 (W.D.N.Y.1980); *Hlavac v. United States*, 356 F.Supp. 1274 (N.D.Ill.1972).

8. *College v. United States*, 572 F.2d 453 (4th Cir. 1978); *Ianni v. United States*, 457 F.2d 804 (6th Cir. 1972); *DiLorenzo v. United States*, 496 F.Supp. 79 (S.D.N.Y.1980); *Santiago Rivera v. United States*, 405 F.Supp. 330 (D.P.R. 1975); *Binn v. United States*, 389 F.Supp. 988 (E.D.Wis.1975).

in that case qualified his "$560.00" personal injury entry on the Standard Form 95 with an asterisk which referred to the following notation:

> Substantiation will be supplied upon request. Compensation benefits are continuing and will continue for an indefinite period of time.

*Id.* at 396. The court found that the administrative claim was valid, stating, "The plaintiff did in fact specify a sum certain in the claim, and the insertion of additional language by reason of the use of the asterisk will be treated as mere surplusage." *Id.* at 397. In its explanation, the court focused on the purposes of the administrative requirement. It found that the agency was not prevented from acting on the claim, and because the claimant signed the form, he bound himself to accept $560.00 in full satisfaction from the government. *Id.*

■ The legislative history underlying the statutory claim requirement of section 2675 demonstrates that although the procedure is intended to promote government efficiency,[9] it should also provide for "more fair and equitable treatment of private individuals and claimants when they deal with the Government ..." S.Rep.No.1327, 89th Cong., 2d Sess. 6, *reprinted in* [1966] U.S.Code Cong. & Ad.News 2515–16. The statute is "intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits." *Koziol v. United States,* 507 F.Supp. 87, 91 (N.D.Ill.1981).

■ The appellant in the present case executed and filed a timely Standard Form 95 containing specific dollar amounts corresponding to the three "amount of claim" subheadings.[10] The government could have

acted on those figures. A settlement for the total claim ($259.34) would have barred the appellant from initiating further action. The inclusion of the term "presently" did not in any way preclude such a course. Although the department did alert the appellant, through State Farm, of the alleged deficiency in the form, it is not within the government's discretion to reject claims which meet the minimal requirements of the statute. The appellant's claim stated a "sum certain" as required by section 2675(a). The district court erred in granting the government's motion to dismiss on the ground that no valid claim had been filed.

### D

■ While the appellant's complaint seeks damages in excess of the amount claimed in the administrative action, that discrepancy alone will not bar this suit. *Preston v. United States,* 596 F.2d 232, 240 (7th Cir.), *cert denied,* 444 U.S. 915, 100 S.Ct. 228, 62 L.Ed.2d 169 (1979). The injuries alleged in the complaint are the same as those which were presented in the administrative claim. However, as noted earlier, the appellant cannot recover any sum in excess of the amount of his administrative claim unless "the increased amount is based upon newly discovered evidence" or he alleges and proves "intervening facts." § 2675(b). *See Industrial Indemnity Company v. United States,* 504 F.Supp. at 399.

### III

Because the plaintiff did in fact exhaust his administrative remedies under the Federal Torts Claim Act, the district court erred in dismissing his complaint. The judgment of the district court is vacated,

---

**9.** The process is "intended to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."

**10.** Note that the initial letter of explanation sent with the Standard Form 95 by the department emphasized the need to "state a sum

certain in block 10D [total]." Clearly the appellant accomplished this. In addition, 28 C.F.R. § 14.2(a) states that "other written notification" may be used to present a claim to an agency. When State Farm submitted the appellant's Standard Form 95, it attached a copy of its own claim notice specifying "$149.42" as the total personal injury claim.

and the case remanded for further proceedings.[11]

11. Although the point was not raised by the government, it does not appear from the appellant's complaint that he alleged that he satisfied the requirement of § 2675. Because that requirement is jurisdictional, it should be affirmatively stated. On remand, the court should give the appellant leave to amend his complaint to correct that defect. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).