**Rafael MARTINEZ, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 83–2083.

United States Court of Appeals, Fifth Circuit.

March 22, 1984.

Arnulfo Gonzalez, Jr., Armando X. Lopez, Laredo, Tex., for plaintiff-appellant.

Robert Darden, James R. Gough, C.J. (Neil) Calnan, Letitia Zumwalt Taitte, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

Before TATE, JOHNSON and DAVIS, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Martinez sues the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. A tort claim against the United States is barred unless it is first presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). Pursuant to the statutory authorization, 28 U.S.C. § 2672, the Attorney General prescribed regulations for the requisite initial presentation of tort claims to the appropriate federal agency, 28 C.F.R. §§ 14.1–14.11. One of these regulations requires that the written notification to the agency include a claim for "money damages in a sum certain." *Id.*, § 14.2(a). Here, Martinez's administrative claim stated that his damages were *"in excess of* $100,000."

The district court granted the government's motion to dismiss this claim for lack of jurisdiction, Fed.R.Civ.P. 12(b)(1), holding that because of the italicized words the initial administrative claim did not comply with the requirement that it be in a "sum certain." The court therefore held that no prerequisite timely initial claim had been presented to the agency and that, consequently, the courts lacked jurisdiction to entertain the Federal Tort Claims suit. We reverse, upholding the plaintiff-appellant's contention that the administrative claim reasonably complied with the sum-certain requirement, if only because the italicized words may be regarded as surplusage.

## I.

The motion to dismiss was decided on the basis of the pleadings and certain documentary exhibits. Accepting for present purposes the showing so made, the facts of the claim are as follows: Martinez was a federal prisoner in 1978–79 during which time he sustained an injury or infection to his left eye. He was denied medical

assistance. In January, 1979, when he could no longer see out of that eye, he was taken to a medical specialist and learned for the first time of an infection in the eye and that permanent damage to his eye had been sustained.[1]

On September 4, 1980 the attorney for the plaintiff wrote to the Federal Bureau of Prisons, stating the above facts, noting that the letter was submitted for purposes of filing a claim under 28 U.S.C. § 2675.[2] The attorney's letter added that: "At this time the claimant, Rafael Martinez, would show that the damages involved in this claim are in excess of $100,000.00."

The government does not dispute, for present purposes, that the administrative claim was timely presented to the correct agency. Although the government urges technical deficiencies (such as its emphasis that the attorney's letter did not include all the details required of a Form 95 provided for presentation of such claims), the written presentation of Martinez's claim through his attorney's letter, *Crow v. United States,* 631 F.2d 28, 30 (5th Cir.1980), which gave notice of the skeletal facts of the claim sufficient to enable the agency to investigate, *Adams v. United States,* 615 F.2d 284, 289, *reh. denied,* 622 F.2d 197 (5th Cir.1980), *Avery v. United States,* 680 F.2d 608, 610–11 (9th Cir.1982), was undoubtedly adequate (except perhaps for the sum certain requirement) for the purpose of preliminarily presenting the claim to the agency as a prerequisite to a Federal Tort Claims action. 28 C.F.R. § 14.2.[3] As we stated in *Williams v. United States,* 693 F.2d 555, 557 (5th Cir.1982):

[A]n individual with a claim against the government satisfies the notice requirement of § 2675 if he or she: "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." ... Moreover, we have held that no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim within the two year period prescribed by § 2401(b).

The district court nevertheless granted the government's motion to dismiss the appeal. It held that the written claim was not properly presented within two years after the claim accrued on January 19, 1979, as required by 28 U.S.C. § 2401(b),[4] because

1. The government concedes that, under these allegations, Martinez's claim first accrued on January 19, 1979, when he had actual knowledge of or should have discovered his infection. When the negligent act and the injury fail to coincide with "discernible damage", the claim does not accrue and limitations do not run "until 'some damage is discernible.'" *Ware v. United States,* 626 F.2d 1278, 1284 (5th Cir. 1980). *Cf., United States v. Kubrick,* 444 U.S. 111, 123–24, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979).

2. 28 U.S.C. § 2675 provides in part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

\*   \*   \*   \*   \*   \*

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

3. 28 C.F.R. § 14.2(a) provides:

For purposes of the provisions of 28 U.S.C. 2401(b) and 2672, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 *or other written notification of an incident,* accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. [Emphasis added.]

4. 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency

the presentation of the claim to the agency on September 4, 1980, although within the two-year period, did not—by claiming damages "*in excess* of $100,000"—comply with the administrative requirement that the claim for damages be in "a sum certain." 28 C.F.R. § 14.2(a) (quoted at note 3 *supra*).

We and other circuits have held that timely presentation of a claim including "a sum certain" is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the Federal Tort Claims Act. *Wardsworth v. United States*, 721 F.2d 503, 505–06 (5th Cir.1981). The asserted justification for this holding is that it furthers statutory goals of settlement determinations and efficient processing of claims by agencies.[5] On the other hand, in this circuit substantial compliance with the requirement has been liberally construed, so that the absence of a formal statement of a sum certain in the claim has not defeated court jurisdiction of the claim, for example, where the government had actually been apprised of the amount sought by a prior state court suit, *Williams, supra*, 693 F.2d at 558, where the attorney's letter included an invoice and inventory of items for which recovery was sought, *Crow, supra*, 631 F.2d at 30, or where the attorney's initial letter to the agency included medical bills and repair estimates (including some for expenses unrelated to and in excess of the claim), *Molinar v. United States*, 515 F.2d 246, 247, 249 (5th Cir.1975).

In accord with the approach taken by this court in these decisions, and with a similar holding by the Seventh Circuit in *Erxleben v. United States*, 668 F.2d 268 (7th Cir. 1981), we hold that the presentation of an administrative claim "*in excess of* $100,000" is a reasonable compliance with the "sum certain" requirement of 28 C.F.R. § 14.2.

In *Erxleben, supra*, the Seventh Circuit so held, where the claim was for a monetary amount with the word "*presently*" added, because at most the qualification of the monetary amount could be regarded as surplusage (citing district court decisions to similar effect),[6] and because no statutory or administrative purpose of investigation or pre-suit settlement was disserved by the inclusion of such surplus verbiage. The decision reiterated that the Federal Tort Claims Act is " 'intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits.' " 668 F.2d at 273. We find this observation and the rationale of this decision to be persuasive and dispositive of the issue as to whether a "sum certain" was adequately stated by the present administrative claim.

## II.

■ The government's motion to dismiss was also based on Martinez's alleged failure to file this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b), quoted in full in note 4 *supra*.

---

within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

**5.** The exaltation into a jurisdictional basis of the non-statutory administrative requirement of a sum certain in the administrative claim has been criticized as beyond the statutory intent and unnecessarily harsh and unnecessary in instances, especially where no administrative purpose is served by requiring an obviously inflated "sum certain", where there is honest

uncertainty as to the amount of the claim. Zillman, Presenting a Claim Under the Federal Tort Claims Act, 43 La.L.Rev. 961, 972–75 (1983). Nevertheless, this panel must follow the law of the circuit.

**6.** The court pointed out that, subject to the limitation of 28 U.S.C. § 2675(b), quoted at note 2 *supra*, the effect of striking the surplus wording was to place a limit to the sum certain stated on the amount a claimant could recover for pre-administrative claim damages in any judicial action consequently brought. *Erxleben*, 668 F.2d at 271, 273.

This portion of the motion to dismiss was overruled by the district court on the basis of the documentary showing before it. This included a letter of December 11, 1981, rejecting the September 1980 claim because of lack of a sum certain. Because the suit was filed on May 12, 1982, within the six-month delay, the district court had little difficulty in rejecting the government's claim of time-bar.

On appeal, however, in urging that the dismissal be affirmed on another basis, the government re-urges this contention, but it now bases its time-bar claim upon an earlier letter of October 3, 1981. This allegedly constituted the notice of the final administrative denial of the claim more than seven months before the (thus untimely) suit of May 12, 1982. The substance of the letter was that the agency was unable to locate a claim by Martinez earlier than that of July 1981 (more than two years after the damage claim accrued), and therefore the agency could not "consider" the claim for relief.[7] The letter of October 3, 1981, now relied upon by the government does not meet the administrative requirements for a "notice of final denial" by an agency of a claim.

To avoid the uncertainty as to the date of a "notice of final denial" of a claim by an agency, the Attorney General's administrative regulations provide, inter alia, that "the notification of final denial . . . *shall* include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of the notification." 28 C.F.R. § 14.9(a) (emphasis added).[8]

The agency letter of October 3, 1981 did not, by its terms, constitute a final denial of Martinez's federal tort claim timely presented to the agency on September 4, 1980. Nor, because of its failure to comply with the quoted mandatory requirement of § 14.9(a), did this letter put him on notice that—rather than (as the attorney did in response to the letter) call to the agency's attention its clerical failure to locate his September 1980 claim, see note 7 *supra*—he was required to file a suit in district court within six months in order to continue the assertion of his tort claim against the government. In this respect, the agency letter of October 3 did not comply with the administrative regulation, 28 C.F.R. § 14.9, designed to place the claimant on *notice* that the communication was intended to be a "notice of final denial" of the claim for purposes of commencing the six-month delay within which to file suit, 28 U.S.C. § 2401(b). *Boyd v. United States,* 482 F.Supp. 1126, 1129 (W.D.Pa.1980);[9] Zillman, Presenting a Claim Under the Federal Tort Claims Act, 43 La.L.Rev. 961, 986–88 (1983). *Cf., Woirhaye v. United States,* 609 F.2d 1303, 1306 (9th Cir.1979); *Childers v. United States,* 442 F.2d 1299, 1301 (5th Cir. 1971); Annotation, Federal Tort Claims Act —Actions—Procedure, 13 A.L.R.Fed. 762, 784–85 (1972).

*Conclusion*

Accordingly, we REVERSE the judgment dismissing this suit for lack of jurisdiction, and we REMAND it to the district court for further proceedings in accordance with law.

REVERSED AND REMANDED.

7. In reply to this letter of October 3, Martinez's attorney on October 13 forwarded to the agency a copy of his original timely-filed claim letter of September 8, 1980. On December 11, 1980, the agency informed Martinez's attorney that the initial September 1980 claim was deficient because of its failure to state a sum certain. The district court characterized this latter letter as the agency's notice of final denial of Martinez's claim.

8. 28 C.F.R. § 14.9(a) provides:
   Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

9. *Boyd, supra,* 482 F.Supp. at 1129 stated: "The failure of the government to make plaintiff aware of his rights prevents the communication from being a proper agency denial."