CURTIS BRYANT, BARBARA BRYANT, WARD BROWNE, DAVID IRVINE, KEITH BURBRIDGE, RITA BURBRIDGE, JOHN ROSE, and GREG LEWIS, Plaintiffs

v.

SOUTHWEST MARINE OF SAMOA, INC., VESSEL SOUTHWEST MARINE CRANE BARGE, its Engines, Tackle and Gear, and DOES I-XX, Defendants

SOUTHWEST MARINE OF SAMOA, INC., Third-Party Plaintiff

v.

KOREA WONYANG FISHERIES CO., LTD., KOREAN TUNA VENTURES S.A., STARKIST SAMOA, INC., STARKIST FOODS, INC., and AMERICAN SAMOA GOVERNMENT, Third-Party Defendants

High Court of American Samoa
Trial Division

CA No. 41-92

December 7, 1992

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, MATA'UTIA, Associate Judge.

Counsel:     For Plaintiffs, Charles V. Ala'ilima

For Defendant and Third-Party Plaintiff Southwest Marine of Samoa, Inc. and Defendant Southwest Marine Crane Barge, Robert A. Dennison III
For Third-Party Defendants StarKist Samoa, Inc. and StarKist Foods, Inc., John A. Ward II
For Third-Party Defendant American Samoa Government, Cheryl A. Quadlander, Assistant Attorney General

Order Denying Motion to Dismiss for Failure to State a Sum Certain:

The motion by third-party defendant American Samoa Government ("ASG") to dismiss the third-party complaint against it for lack of jurisdiction, due to the failure to state a sum certain in the administrative claim filed with ASG by third-party plaintiff Southwest Marine of Samoa, Inc. ("SWM Samoa"), came regularly for hearing on November 24, 1992. The underlying cause of action in this litigation is in tort for property and related damages.

Earlier and associated steps in this proceeding have included: (1) the court's order entered on August 6, 1992, granting ASG's motion to dismiss for lack of jurisdiction on the grounds of SWM Samoa's failure to file an administrative claim with ASG as a jurisdictional prerequisite to filing suit; (2) the court's order, entered on September 8, 1992, denying SWM Samoa's motion to reconsider the court's order of August 6, 1992; and (3) the court's bench order on October 9, 1992, granting SWM Samoa's motion for leave to file its second amended third-party complaint. The last order followed the requisite filing of an administrative claim with ASG by SWM Samoa on August 25, 1992, and ASG's denial of the claim on September 15, 1992.

In support of the present motion, ASG has advocated a strict and literal reading of A.S.C.A. § 43.1203(c), as requiring in every instance a stated, specific sum certain in administrative claims filed against it. Actually, A.S.C.A. § 43.1203(c) only indirectly sets forth a sum-certain requirement by limiting, with exceptions not presently relevant, a subsequent lawsuit to the amount presented in the administrative claim. As SWM Samoa has pointed out, the actual sum-certain requirement is found in A.S.A.C. § 43.0103(a). This is an administrative rule, which was adopted under the general authority of A.S.C.A. § 4.1002 and pursuant to the rule making process in the Administrative Procedures

56

Act, A.S.C.A. §§ 4.1001-4.1010, and thus has the force and effect of law. A.S.C.A. § 1.0201(3).

The sum-certain requirement is both statutorily and administratively an integral part of the jurisdictional administrative-claim process. SWM Samoa has correctly stated that the Attorney General's decision on an administrative claim is final and conclusively binding on all ASG officers, except when procured by fraud. A.S.C.A. § 43.1206. However, the Attorney General's action cannot result in a waiver or estoppel preventing ASG from raising a jurisdictional issue related to an administrative claim at any stage of future litigation. *Fallon v. United States*, 405 F. Supp. 1320, 1322 (D. Mont. 1976) (citing *Powers v. United States*, 390 F.2d 602 (9th Cir. 1968)); *cf. Randall v. ASG*, 19 A.S.R.2d 111, 120-21 n.1 (Trial Div. 1991) (jurisdictional requirements, unlike a statute of limitations, are not subject to waiver and estoppel).

Nonetheless, we have concluded that SWM Samoa has complied with the sum-certain requirement under the circumstances involved in this action. SWM Samoa is seeking to draw ASG into this action by a third-party complaint on the theory that if it is liable for the plaintiffs' damages; ASG, in turn, has some measure of responsibility for the damages as well. Plaintiffs have not seen fit, whether for strategic or other reasons, to bring suit directly against ASG, which is their decision to make. Plaintiffs have essentially left the amount of their damages to proof at trial and cannot be required by ASG to state those damages in a sum certain. SWM Samoa cannot presently access sufficient information to evaluate plaintiffs' damages and accordingly is seeking reimbursement or contribution by ASG, in the event of its liability, in an amount not to exceed the damages ultimately proven by plaintiffs.

We hold that SWM Samoa has asserted a sum sufficiently certain in amount to inform ASG of the claim it must defend. While this concept of the sum-certain requirement is broad, we hasten to add that this decision is limited to the special circumstances found in this action, specifically involving third-party practice against ASG when the third-party plaintiff cannot ascertain in a timely manner a precise dollar amount of a plaintiff's damages for purposes of filing an administrative claim against ASG but restricts itself to the amount of the plaintiff's damages proven at trial.

Motion denied. So ordered.