**Christina JACOBSON, Ronald Jacobson as parent and guardian of Hayley Jacobson, a minor child, Plaintiffs,**

v.

**UNITED STATES of America ex rel UNITED STATES POSTAL SERVICE; James Russell Kurisu and Does I through X, inclusive, Defendants.**

No. CVS–03–0283LRHRJJ.

United States District Court, D. Nevada.

Aug. 8, 2003.

---

Brian K. Harris, Mainor & Harris, Las Vegas, NV, for Plaintiffs.

Daniel G. Bogden, U.S. Atty., Rimantas A. Rukstele, Asst. U.S. Atty., Las Vegas, NV, for U.S.

### ORDER

HICKS, District Judge.

Before the Court is the United States' Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) and 12(b)(6)[1] (# 9), filed May 16, 2003. The Plaintiffs' filed an opposition on June 3, 2003, and the United States' replied on June 17, 2003. Upon

---

1. The Court will analyze the motion solely in terms of Fed.R.Civ.P. 12(b)(1), as the United States ex rel the Postal Service and Mr. Kurisu (the "Defendants") do not present any express argument in support of the defense of failure to state a claim.

review of the evidence presented, the memoranda of the parties, and the relevant matters of record, the Court makes the following disposition.

## I. Factual Background

This case arises from an accident on Interstate 15 in Las Vegas, Nevada.[2] On July 6, 2002, it is alleged that James Russell Kurisu was driving a 1997 Mack truck owned and operated by the United States Postal Service that began leaking oil onto the freeway. Christina Jacobson, her husband Ronald Jacobson, and their daughter Hayley Jacobson (the "Plaintiffs") claim that the oil on the freeway caused Christina Jacobson to lose control of her vehicle, resulting in injury to herself and to her daughter.

The Plaintiffs then filed a claim with the Postal Service. As part of filing a claim, the Plaintiffs were required to complete a Standard Form 95 ("SF–95"). The Plaintiffs submitted the SF–95 to the Postal Service's Tort Claims office on June 10, 2002. Item number 12 on the SF–95 form provides space for the amount of the claim and provides four separate blank boxes, 12a for property damage, 12b for personal injury, 12c for wrongful death, and 12d for the total. The Plaintiffs provided information in blocks 12b and 12d, specifically stating their damages totalled "[i]n excess of $100,000.00."

In a letter dated June 11, 2002, the Plaintiffs were informed by the Postal Service that section 12d must have a "sum certain" to be accepted by the agency as a valid claim. In response to the letter, the Plaintiffs provided medical records and bills and noted that additional records and bills would be forwarded as they were received. The Plaintiffs also included a medical summary which itemized bills received to date in the amount of $7,005.38.

The Postal Service then sent the Plaintiffs a second letter, dated June 19, 2002, again stating that a "sum certain" was required in block 12d to be accepted as a valid claim. The Plaintiffs responded to this letter by faxing additional medical information. The Postal Service then sent a third letter, again requesting a "sum certain." This time, the Plaintiffs responded with a second SF–95 on or about July 25, 2002, and included the figure "$100,-000.00," minus the words "in excess of" in boxes 12b and 12d of the form.

On January 30, 2003, the Postal Service informed the Plaintiffs that the second SF–95 submitted on or about July 25, 2002, was filed after expiration of the two-year statute of limitation for filing claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and that their claim was denied. The Plaintiffs then filed the instant action under the FTCA and the Defendants' moved to dismiss.

## II. Standard of Review

A 12(b)(1) motion can be made in one of two ways. The motion can challenge the sufficiency of the pleadings to support subject matter jurisdiction (a facial challenge), or it can challenge the actual existence of jurisdiction (a factual attack) by way of a "speaking motion." In the latter case, the judge may consider outside evidence and resolve factual disputes. *Berardinelli v. Castle & Cooke, Inc.,* 587 F.2d 37, 39 (9th Cir.1978); *See also, Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983). (holding that unlike a motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), a court can hear outside evidence regarding a motion to dismiss for lack of subject matter jurisdiction.).

**2.** While the complaint states that the accident giving rise to the alleged injuries occurred on State Road 95, the opposition to the motion to dismiss suggests it occurred on Interstate 15.

The Defendants Motion to Dismiss challenges the existence of subject matter jurisdiction, not simply the adequacy of the complaint's allegations. Under this analysis, there is no presumption of truthfulness of the Plaintiffs' allegations, and the burden is on the Plaintiffs to establish the Court's jurisdiction. *See Thornhill Publishing Co.*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977)).

### III. Discussion

 The Defendants move to dismiss the Plaintiffs' complaint on the basis of the FTCA's claim presentment rule. Under this rule, a district court is without subject matter jurisdiction over an FTCA action unless the plaintiff "first presented the claim to the appropriate Federal agency ...." 28 U.S.C. § 2675(a). "A claim is deemed presented for purposes of § 2675(a) when a plaintiff files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir.1984) (en banc)). The requirement that the claim state a specific dollar sum is jurisdictional and cannot be waived. *See Spawr v. United States*, 796 F.2d 279, 280 (9th Cir.1986).

The Defendants concede that the original SF–95 satisfies the notice requirement regarding the details of the incident, but claim it falls short of compliance with the "sum certain" requirement. The Defendants also contend that because the second SF–95, which did not include the term "in excess of" was submitted outside of the two-year statute of limitations period, the Plaintiffs failed to exhaust the administrative requirements of the FTCA and are barred from litigating their present claim. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim occurs ...."). In other words, the Defendants submit that the Plaintiffs' failure to state a sum certain in their claim results in a failure to comply with § 2675(a), deprives the Court of subject matter jurisdiction, and that the Court should treat the claim as if no claim had ever been filed.

In support of their position, the Defendants rely on *Blair v. United States*. In that case, Blair filed a claim with the IRS claiming he was injured by IRS agents during a seizure of his property. *See Blair*, 304 F.3d at 863. In completing an SF–95, Blair left the boxes blank, with the exception of the personal injury box, where he wrote "please see attached." *See id.* Included in the attachment to his SF–95, Blair provided the following information regarding the amount of compensation he was seeking:

(1) Medical expenses are still being incurred, with no end presently in sight. Best estimates could perhaps be obtained by the IRS from the treating physicians listed in Item No. 11 above. (2) Consequent lost income from claimant's self-employment is calculated from April, 1996 through April, 2018 (@claimant's age 65 years). This figure is reached using the $200,000.00 net income figure for fiscal year 1995 and using a 10% annual increase factor, yielding a 20 year total loss of $17,499,436.00.

*See id.* Based on the attachments, Blair provided a certain monetary figure for lost wages but no monetary figure for medical expenses. *See id.* The IRS then denied his claim and Blair brought suit against the United States. *See id.* The government moved for dismissal on the grounds that Blair failed to comply with the claim

presentation rule by failing to state a sum certain for his entire claim. *See id.* at 864. The district court granted the government's motion to dismiss, holding that the inclusion of the medical expenses which did not include a sum certain deprived the court of jurisdiction over the wage loss claim as well. *See id.* Upon appeal, the Ninth Circuit affirmed in part and reversed in part, holding that while Blair's assertion of medical expenses did not state a sum certain, that they should be treated as "surplusage," and that he should be allowed to proceed on his wage loss claim. *See id.* at 866. The Ninth Circuit concluded that such a determination was "most in line with the spirit of the statute." *Id.*

The Defendants claim that *Blair* is both on point and controlling in this case. Conversely, the Plaintiffs rely on *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) and *Industrial Indemnity Co. v. United States*, 504 F.Supp. 394, 397 (E.D.Cal.1980), in support of their position that when a claim contains qualifying language such as "in excess of," the Court should read the qualifying language as surplusage, and treat the remaining claim as a sum certain in compliance with the FTCA's presentment rule. *Martinez* and *Industrial* do in fact stand for such a proposition, and are not alone in holding that claims containing qualifying language should be treated as reasonably complying with the sum certain requirement. *See e.g., Corte–Real v. United States*, 949 F.2d 484 (1st Cir.1991) (treating qualification language as surplusage); *Adams by Adams v. United States Dep't of Housing and Urban Development*, 807 F.2d 318 (2nd Cir.1986) (claim for "in excess of $100,000.00" not fatally uncertain, and treating qualifying language as surplusage); *Erxleben v. United States*, 668 F.2d 268 (7th Cir.1981) (treating the term "presently" as surplusage, and leaving certain amount stated as a claim); *Fallon v. United States*, 405 F.Supp. 1320 (D.Mont.

1976) (treating the inclusion of an asterisk which referred to additional statement that damages were ongoing as surplusage, and leaving certain amount stated as a claim). *But see Bradley v. United States by Veterans Administration*, 951 F.2d 268 (10th Cir.1991) (declining to hold that claim for "in excess of $100,000.00" is sufficient to satisfy the sum certain requirement). Of course, unlike *Blair*, none of these cases are controlling on this Court. Thus, the question presented is whether *Blair* is at odds with the line of cases holding that qualifying language can and should be treated as surplusage. The Court concludes that it is not.

█ The crux of the holding in *Blair* is that the medical information contained in paragraph (1) of Blair's SF–15, should not and did not mandate outright dismissal of a potentially meritorious claim, especially considering that one of the stated policies behind the FTCA is to promote fairness in the settlement of tort claims asserted against the United States. *See Blair*, 304 F.3d at 864–68. *See also Adams by Adams*, 807 F.2d at 321. Importantly, the Court finds the medical information provided in addition to the wage loss sum in *Blair* amounts to something analogous to the qualifying language at issue in this case. In both cases, the claimants began with a certain claim–in *Blair*, $17,000,000.00 and here, $100,000.00–and included the possibility of additional damages. Moreover, while the Court recognizes that the Ninth Circuit did not deal with the precise issue presented in this case, its holding in *Blair* cannot be said to be so narrow as to require that any inclusion of qualifying language voids an entire claim. *C.f. Bradley*, 951 F.2d at 271. In fact, quite the opposite. In construing the federal government's waiver of sovereign immunity in a way that achieves the FTCA's remedial purpose, *see Blair*, 304 F.3d at 867–68, at the very least, the Ninth Circuit has suggested a willingness to en-

tertain and treat FTCA claims in a fair and equitable manner, and not as an overly burdensome "regulatory checklist." *Id.* at 868 (quoting *Erxleben*, 668 F.2d at 273). To find that the inclusion of the term "in excess of" renders the Plaintiffs' claim a nullity would be unfair and inequitable, not only under *Blair*'s standard but under any standard. Therefore, the Court concludes that treating the language "in excess of" as surplusage, as the Ninth Circuit did with the additional medication information provided in *Blair*, comports with equitable principles and is appropriate under the circumstances. As a consequence, the Plaintiffs have complied with both § 2675(a) and § 2401(b), and the Court finds subject matter jurisdiction exists over the Plaintiffs' claim.[3]

IT IS THEREFORE ORDERED that the United States' Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) and 12(b)(6)(# 9) is DENIED.

---

**3.** Section 2675(b) of the FTCA requires that an action cannot be instituted for any sum in excess of the amount of the claim presented. By treating "in excess of" as surplusage, the amount of the Plaintiffs' claim as presented is $100,000.00. However, the Defendants state in their reply brief that the Plaintiffs' second submission, which included a medical summary totaling $7,005.38 satisfies the sum certain requirement. Therefore, between the Court's determination to treat the offending language as surplusage and the Defendants' apparent concession that the medical summary suffices to meet the sum certain requirement, the total amount the plaintiffs' may request under the FTCA is $107,005.38.