Edwin J. BLAIR, Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE; Department of the Treasury; United States of America; James Freitas; Thomas Whatley, Defendants–Appellees.

No. 00–16010.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2002.

Filed Sept. 9, 2002.

J. Chauncey Hayes, Sacramento, CA, for the appellant.

Debora G. Luther and David T. Shelledy, Assistant U.S. Attorneys, Sacramento, CA, for the appellee.

Before HUG, and TASHIMA, Circuit Judges, and SEDWICK, District Judge.*

## OPINION

HUG, Circuit Judge.

This appeal involves a claim brought by Edwin Blair under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, for injuries suffered from an arrest by Internal Revenue Service ("IRS") agents. The district court dismissed the claim for lack of subject matter jurisdiction because Blair had failed to present an adequate claim to the IRS prior to instituting suit as required by 28 U.S.C. § 2675(a). The court held that the claim was deficient because it failed to provide a sum certain in damages. Specifically, Blair's submission made a claim for a sum certain for wage loss resulting from the injury, but also provided that medical expenses were still being incurred and did not provide a sum certain for medical expenses. The issue in this case is the adequacy of the claim form to provide jurisdiction under the FTCA. We hold that the district court had jurisdiction to adjudicate the wage loss claim, for which a sum certain was provided, though it did not have jurisdiction to adjudicate the medical expenses claim for which no sum certain was provided. We affirm in part, reverse in part, and remand

---

* Honorable John Sedwick, United States District Judge for the District of Alaska, sitting by designation.

for further proceedings consistent with our opinion.

## I.

### Factual & Procedural History

Edwin Blair was arrested by IRS agents on April 15, 1996 for interfering with the seizure of his property. Following his arrest, Blair was handcuffed and transported by car to the United States Courthouse in downtown Sacramento. Blair alleges that he suffered significant injuries during the 45 minute car trip, primarily due to the tightness of the handcuffs on his wrists. As a result of these injuries, Blair claims that he has had to endure multiple surgeries to regain the normal use of his hands, and that he is no longer able to perform his work as a self-employed tree harvester.

Exactly two years after his arrest, Blair filed a claim with the IRS seeking compensation for his injuries. Blair filed his claim on a Standard Form 95 ("Form 95"), to which he attached several pages setting forth the details of his claim. This submission was uncontroversial in all respects but one. The Form 95 gives a claimant the opportunity to provide, among other things, various dollar amounts related to the claim. Specifically, the Form 95 lists four boxes in which a claimant may enter a dollar amount—one each for property damage, personal injury, wrongful death, and the total value of the claim. A copy of the Form 95 as submitted by Blair is attached as Appendix A. In completing his Form 95, Blair did not list any dollar amounts on the actual form. *See id.* Rather, Blair left the boxes blank, with the exception of the personal injury box, in which he wrote "please see attached." *See id.* In the documents attached to his Form 95, Blair provided the following information as to the amount of compensation he was seeking:

(1) Medical expenses are still being incurred, with no end presently in sight. Best estimates could perhaps be obtained by the IRS from the treating physicians listed in Item No. 11 above.

(2) Consequent lost income from claimant's self-employment is calculated from April, 1996 through April, 2018 (@ claimant's age 65 years). This figure is reached using the $200,000.00 net income figure for fiscal year 1995 and using a 10% annual increase factor, yielding a 20 year total loss of $17,499,436.00.

Thus, Blair provided a definite monetary figure for lost wages and no monetary figure for medical expenses.

Shortly after Blair filed his claim, the IRS informed him that it could not act on his request as long as the amount sought for medical expenses remained undetermined. Blair responded by providing the IRS with copies of existing medical records and bills. Subsequently, on September 11, 1998, the IRS denied Blair's request for relief.

Following the IRS' denial, Blair brought suit against the United States, the IRS, the Treasury Department, and the two IRS agents involved in his arrest. As part of this suit Blair sought relief under the FTCA, which, once a party meets certain jurisdictional requirements, generally provides a cause of action against the United States for torts committed by federal employees within the scope of their employment. *See* 28 U.S.C. § 1346(b). On motion of defendants, the district court dismissed the entire action. On appeal Blair challenges only dismissal of the FTCA claim.

■ As to Blair's FTCA claim, the Government argued that, on the basis of the claim presentation rule, the district court lacked subject matter jurisdiction. Under the claim presentation rule, a district court

cannot exercise subject matter jurisdiction over an action brought pursuant to the FTCA unless the plaintiff "shall have first presented the claim to the appropriate Federal agency...." 28 U.S.C. § 2675(a). A claim is deemed presented for purposes of § 2675(a) when a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780(9th Cir.1984) (en banc).

The Government contended that Blair failed to comply with the claim presentation rule by failing to state a sum certain for his entire claim, and thus, that there was no adequate presentation of the claim and no subject matter jurisdiction. The district court granted the Government's motion to dismiss the FTCA claim for lack of subject matter jurisdiction because of the failure to present an adequate claim to the federal agency. Following the district court's decision, Blair filed this appeal, in which he challenges the dismissal of his FTCA claim.

## II.

### Jurisdiction & Standard of Review

■ The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1346(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. A district court's dismissal for lack of subject jurisdiction is reviewed de novo. *See Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir.2001).

## III.

### Statutory Requirements

In 1946 Congress passed the FTCA. Under the FTCA, as enacted in 1946, government agencies had no authority to settle claims over $2500. In 1966 the FTCA was amended to revise this procedure and pro-vide greater opportunity for settlement before suit is filed. Our en banc decision in *Warren* traced the legislative history and the reasons for the change.

Difficulties presented by the former claims process prompted Congress to amend [the FTCA]. Claimants formerly were required to first bring an action in district court against the government if their claims exceeded $2500. Only after filing could settlement be negotiated. The result was clogging of the courts with many claims that claimants and the government wanted to settle. Government agencies were forced to respond to court filings before engaging in settlement negotiations. Claimants, the courts and the agencies were forced to waste time and money because federal agencies lacked authority to consider settlement prior to court action. S.Rep. at 5–6, USCCAN at 2518.

Under the amended versions of sections 2672 and 2675, all claims must be filed with the appropriate agencies before claimants can bring action in federal court. Congress articulated two purposes for amending the statutes. The first was "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. at 2, USCCAN at 2516. Second, the amendments were thought to provide "for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." S.Rep. at 2, USCCAN at 2515–16.

*Id.* at 778–79 (selected internal citations omitted).

■ Section 2672 authorizes the Attorney General to adopt regulations under

which federal agencies could settle any claim for money damages. *Id.* at 778. These regulations are frequently referred to as the settlement regulations, and are found at 28 C.F.R. §§ 14.1–14.11. We held in *Warren* that these regulations are not a jurisdictional requirement and failure to comply with them does not pose a jurisdictional bar. Thus, though 28 C.F.R. § 14.2 is instructive as to the presentation of a claim, it is not jurisdictional in its requirement that a claim state a sum certain.[1] However, there is a jurisdictional requirement of a "sum certain" that comes from 28 U.S.C. § 2675.[2] The provision of § 2675(b) that requires that an action cannot be instituted for any sum in excess of the amount of the claim presented makes it apparent that the claim must state a sum certain. It is the statute itself that forms the basis for the jurisdictional requirement as we held in *Warren*.

We stated in *Warren*, "Thus, we hold that section 2675(a) requires the claimant or his legal representative to file (1) a

1. 28 C.F.R. § 14.2 provides in relevant part:

    (a) For purposes of the provisions of 28 U.S.C. §§ 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....

2. Section 2675 states in full:

    (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been

written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* at 780.

## IV.

### Claim for Lost Wages

Blair submitted his claim on a Form 95 as suggested in the regulations. In completing item number 10, which pertains to a claim for personal injuries, he referenced an attachment that provided the requisite description of the nature and extent of his injuries. In item number 11, he also referred to the attachment as providing the names of witnesses. Item number 12 is for the amount of the claim and provides four separate blocks, 12a for property damage, 12b for personal injury, 12c for wrongful death, and 12d for the total. Blair filled in only 12b for personal injury, referring again to his attachment. There was no need to fill in blocks for property damage or wrongful death since no claim

finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

was being made for them, and there was no need to fill in the total in 12d since the amount in 12b was obviously the total.

In the attachment Blair provided a sum certain for loss of wages, past and future, in the amount of $17,499,436, along with the details of how the amount was calculated. He also stated that medical expenses were still being incurred and did not specify a sum certain for his claim for past and future medical expenses.

It was conceded at oral argument that had Blair simply filled in block 12b with $17,499,436, without any further explanation, this would have fulfilled the jurisdictional requirement of providing a sum certain for his claim. The fact that the sum was stated in an attachment does not violate any statutory requirement, nor is it contrary to the regulation. Title 28 C.F.R. § 14.2 provides that the notification can be on a Form 95 "or other written notification."

■ Thus, the sole basis for contending that jurisdiction is lacking is because of the added material concerning his claim for medical expenses. We held in *Warren* that one of the two requirements of § 2675(a) was a prior submission to the federal agency of "a sum certain damage claim." Blair did submit to the IRS a sum certain damage claim for wage loss due to his injury. Having made a valid claim with a sum certain for wage loss, did the inclusion of material concerning medical expenses for which no sum certain was provided deprive the district court of jurisdiction to consider Blair's wage loss claim? We hold it did not.

Looking first at § 2675, it provides that a claim may not be instituted "unless the claimant shall have first presented the

claim to the appropriate federal agency" and that an "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency." § 2675(a)-(b). Thus, from the language of the statute, it is apparent that the requirements are that the claim be first presented to the federal agency and that the amount sought in court cannot exceed the amount of that claim. The objective of the statute is met by the claim for wage loss of $17,499,436. This would be the limit of the amount that could be sought in the federal action. In the action brought by Blair, he seeks compensatory damage "according to proof." He would, of course, be limited in his proof to the $17 million figure for wage loss.[3]

In this case, Blair has stated a definite amount for wage loss, which does qualify as a "sum certain" for the wage loss, but has also included a statement about medical expenses that does not qualify as a claim for a sum certain. We conclude that the purpose of the statute is best met by considering the latter as surplusage. This is the most in line with the spirit of the statute. We have previously noted that in enacting the claim presentation rule, "Congress wanted to provide for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." *Shipek v. United States,* 752 F.2d 1352, 1354 (9th Cir.1985) (internal quotation marks omitted). It is fair and equitable to permit Blair to proceed with his claim for a sum certain in wage loss rather than mandating outright dismissal of a potentially meritorious claim because of an attachment that discusses medical expenses that do not qualify. This is best placed in focus when we consider

---

**3.** Blair's action also included a claim for civil rights violation. The prayer, which asks for general and punitive damages, would pertain to that claim, which was dismissed and was not appealed.

that the claim would have qualified had Blair simply put the $17 million figure in box 12(b) with no explanation at all.

The Government contends that the requirement to state a sum certain in filing a claim with a federal agency has several important purposes. It notes that one of the purposes in enacting § 2675(a) was "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Shipek,* 752 F.2d at 1354(internal quotation marks omitted). The Government contends that the requirement of a sum certain contributes to a realistic assessment of settlement possibilities. Frankly, it is difficult to see how placing a figure in block 12(b), which can be any figure, can contribute much to settlement without knowing the basis for the figure (as Blair sought to provide in his attachment). However, even assuming that is true, Blair did provide a sum certain for lost wages, which would be the limit of his claim in federal court. The Government also notes that the dollar amount offered pursuant to the sum certain requirement dictates (1) whether the claim may be settled by the agency without involving the Attorney General, *see* 28 U.S.C. § 2672 (providing that "any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee"); (2) whether any payment on the claim will come from the agency's budget, *see id.* (stating that amounts of $2,500 or less shall be paid out of the agency's budget, while amounts in excess of $2,500 are satisfied out of separate funds); and (3) the total amount that a plaintiff may sue for if the claim is denied by the agency, *see* 28 U.S.C. § 2675(b).

All of these objectives are met by our ruling in this case. The claim for wage loss exceeds the $25,000 requirement for Attorney General involvement and the $2,500 cap on awards from agency budgets. Blair is limited in his federal suit to the sum certain specified for his wage loss.

The Government also contends that to allow jurisdiction in this case would conflict with our Ninth Circuit precedent. On four previous occasions we have held that a plaintiff did not satisfy the sum certain requirement when he did not state a specific dollar amount for his claim. *See Bailey v. United States,* 642 F.2d 344 (9th Cir.1981); *Caidin v. United States,* 564 F.2d 284 (9th Cir.1977); *Caton v. United States,* 495 F.2d 635 (9th Cir.1974); *Avril v. United States,* 461 F.2d 1090 (9th Cir. 1972). However, none of these cases involved a claimant who stated a sum certain for a claim that was applicable to that claimant. In *Caton* and *Avril,* the claimants did not provide any dollar amount for their claims. *See Caton,* 495 F.2d at 636; *Avril,* 461 F.2d at 1091. In *Caidin,* the claimant stated a specific dollar amount, but the dollar amount applied to a class of claimants, not the claimant himself. *See Caidin,* 564 F.2d at 286. Thus, the claimant in *Caidin* essentially omitted any statement of his own damages. *See id.* at 287. Finally, in *Bailey* the claimant submitted bills and wage statements in lieu of a sum certain. *See Bailey,* 642 F.2d at 345–47. *Avril, Caton, Caidin,* and *Bailey* are readily distinguishable from this case in which Blair did present a sum certain for his claim for wage loss.

The Government also argues that waivers of immunity are to be strictly construed in favor of the government. *See United States v. Williams,* 514 U.S. 527, 531, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). However, it is also "well established that when the federal government

waives its immunity, the scope of the waiver is construed to achieve its remedial purpose." *In re Town & Country Home Nursing Servs., Inc.*, 963 F.2d 1146, 1151 (9th Cir.1991). As the Supreme Court has previously noted, "[t]he exemption of the sovereign from suit involves hardship enough where consent has been withheld. We are not to add to its rigor by refinement of construction where consent has been announced." *Block v. Neal*, 460 U.S. 289, 298, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983) (internal quotation marks omitted).[4]

■ The recognized purpose of the FTCA is to provide compensation to those injured by the government's torts. *See Richards v. United States*, 369 U.S. 1, 6, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The claim presentation requirement of the FTCA is designed to ensure that compensation is provided in a fair and equitable manner, "not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits." *Erxleben v. United States*, 668 F.2d 268, 273 (7th Cir. 1981) (quoting *Koziol v. United States*, 507 F.Supp. 87, 91 (N.D.Ill.1981)) (internal quotation marks omitted). In light of these statutory purposes and our duty to construe waivers of immunity in a way that meets their remedial goals, the Government "cannot carry the day by invoking general maxims of judicial policy." *Town & Country*, 963 F.2d at 1152. Thus, we reject the Government's argument that the principles of sovereign immunity require

district courts to dismiss suits in which an agency was presented with a specific amount for a specific claim.

## V.

### Blair's Claim for Medical Expenses

■ Blair argues that he should be permitted to sue on his entire claim, including both his definite lost wages and his indefinite medical expenses. Blair suggests that, despite the indeterminate description of his medical expenses, he did state a specific amount for the total value of his claim. In support of this contention, Blair points to the medical bills and records he submitted to the IRS. In Blair's view, these records made the total claim certain because the cumulative amounts on the bills represent a definite sum in medical expenses, and one need only add this figure to the specific amount requested for lost wages to arrive at a concrete figure for the total value of the claim.

As we stated in *Warren*, "Thus, we hold that section 2675(a) requires the claimant or his legal representative to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* at 780. Blair's Form 95 stated with regard to the medical expenses, "Medical expenses are still being incurred, with no end presently in sight." Even the medical bills later provided did not designate a total sum claimed. That

---

4. The rules of construction announced in *Town & Country* and *Block* remain valid in the context of the FTCA, despite recent decisions from the Supreme Court emphasizing that strict, pro-government construction should be given to waivers of immunity. *See Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996); *Williams*, 514 U.S. at 531, 115 S.Ct. 1611; *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). This is so because the Supreme Court has also recently reaffirmed that *exceptions* to the waiver of sovereign immunity in the FTCA, like the claim presentation requirement, are to be narrowly construed, thereby leaving in tact, at least as to the exceptions of the FTCA, the principle that waivers of immunity should be read in a way that achieves the waiver's remedial purpose. *See Nordic Village*, 503 U.S. at 34, 112 S.Ct. 1011.

claim did not meet the statutory requirement and is properly excluded as surplusage.

## VI.

### Conclusion

We hold that the district court has jurisdiction to consider Blair's wage loss claim, but his claim for medical expenses was not properly exhausted before the federal agency, and thus, is not properly before the district court. Each party to bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

APPENDIX A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|---|

**1. Submit To Appropriate Federal Agency:**
Internal Revenue Service
4330 Watt Avenue
North Highlands, CA

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**
Edwin J. Blair
12687 Parker Road
P.O. Box 11047
Truckee, CA 96162

**3. TYPE OF EMPLOYMENT**
☐ MILITARY ☒ CIVILIAN

**4. DATE OF BIRTH** June 21, 1952

**5. MARITAL STATUS** Married

**6. DATE AND DAY OF ACCIDENT** Monday, April 15, 1996

**7. TIME (A.M. OR P.M.)** 7:20 a.m.

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Please see attached page(s); number 8.

**9. PROPERTY DAMAGE**
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10. PERSONAL INJURY/WRONGFUL DEATH**
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Please see attached page(s); number 10.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Please see attached page(s); number 11. | 98-121 |

**12. (See instructions on reverse)** AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | Please see attached page(s); number 12b. | | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory (530) 550-9002 | 14. DATE OF CLAIM April 15, 1998 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-107
Previous editions not usable.

NSN 7540-00-634-4046

EXHIBIT 1

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

This Notice is provided in accordance with the Privacy Act, 5 U S.C. 552a(e)(3), and concerns the information requested in the let... ich this Notice is attached.

A. Authority: The requested information is sol... want to one or more of the following: 5 U S C. 301, 28 U S C 501 et seq. .S C. 2871 et seq. 28 C.F.R. Part 14.

C. Routine Use - See the ... s of Systems of Records for the agency to whom you are submitting this for... information

D. Effect of Failure to Res. Disclosure is voluntary. However, failure to supply the requested information ... to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations which ? more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows: (a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☐ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) ☐ No

CLAIM FOR DAMAGE, INJURY OR DEATH
ATTACHMENT TO CLAIM FORM
PAGE THREE

RE:    Edwin J. Blair

8.    Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

On said date, at 3855 W. Wise Road in Lincoln, California, Special Agents James Freitas and Thomas Whatley of the IRS used excessive force in effecting a warrant arrest of claimant. In the presence of numerous witnesses, listed below at No. 11, claimant was fully cooperative, was compliant with all directives of the IRS agents and offered no resistance at any point.

Nevertheless, and for no reason presently known, Agent Freitas unduly tightened the handcuffs on claimant's wrists. Agents Freitas and Whatley then placed claimant into the rear of their vehicle, for transport to Sacramento, without providing him the protection of a seatbelt, or other restraint, as required by State law.

The trip to downtown Sacramento lasted about 45 minutes by claimant's estimate, and was punctuated by Agent Whatley's erratic acceleration and braking, against which claimant was helpless to protect himself. Neither did Agent Freitas, who was seated in the back seat with claimant, ever move to correct their lapse in failing to provide claimant with seat belt protection, or otherwise to protect him from the inertial effect of Agent Whatley's repeatedly sharp stops and starts. The resultant tumbling which claimant thus endured greatly exacerbated his pain, chiefly to his wrists, shoulders, head, neck and back.

En route, claimant's complaints of pain prompted three calls by Agents Freitas and Whatley to an undisclosed person of authority, each time asking permission to loosen the cuffs on claimant's wrists. Each time, Agents Freitas and Whatley reported that permission had been denied. In all, claimant was subjected to the painfully restrictive handcuffing for over an hour.

All of which was sufficient to render claimant permanently disabled, in the qualified expert opinion of the battery of physicians (listed at No. 11) who have been engaged for the past two years in an unsuccessful effort to regain his former level of utility with his hands. As a result, claimant has been prevented from continuing in his occupation as a self-employed harvester of select trees for sale to custom veneer manufacturers.

CLAIM FOR DAMAGE, INJURY OR DEATH
ATTACHMENT TO CLAIM FORM
PAGE FOUR

RE:   Edwin J. Blair

10.   State nature and extent of each injury or cause of death, which forms the basis of the claim.  If other than claimant, state name of injured person or decedent.

Claimant has been diagnosed with an "hour glass" injury to the median nerve in both wrists.  Surgical repair of the left wrist has been attempted twice to date, in February and May of 1997, with equivocal results.  Identical surgery to the right wrist is contemplated, pending definitive outcome of the first two surgeries on the left wrist.

11.   Names, addresses and telephone numbers for witnesses.

Special Agents James Freitas
Thomas Whatley, Robert Metzger
and Andy Harrison
c/o Internal Revenue Service
Sacramento, California

Sheryl D. Blair
12687 Parker Road
Truckee, California 96162
(530) 550-9002

John & Gladys Blair
594 Heather Glen Drive
Applegate, California 95703
(530) 878-1170

Jack & Shirley Lyon
P.O. Box 814
Applegate, California 95703
(530) 878-8468

City of Lincoln, Chief of Police Bill Smull
and Officers Holland, Clemp and Chris
472 E Street
Lincoln, California 95648
(916) 645-4040

Don Edwards, CPA
4065 Mother Lode Drive, "F"
Shingle Springs, California 95682
(530) 677-8039

Bruce Lyon, Attorney at Law
1 California Street
Auburn, California 95603
(916) 885-8900

Mike Casterton, Attorney at Law
11211 Gold Country Drive, #101
Gold River, California 95670
(916) 635-6800

Dr. Larry Finnell & Dr. Steve Finnell
1000 River Rock Drive
Folsom, California
(916) 989-1014

Dr. Glen & Barbara Lee
3461 Tierra Bella
Santa Barbara, California 93105
(805) 687-0103

Dr. Roger Dunham
515 E. Micheltorena Street, "A"
Santa Barbara, California 93103
(805) 965-5588

CLAIM FOR DAMAGE, INJURY OR DEATH
ATTACHMENT TO CLAIM FORM
PAGE FIVE

RE:    Edwin I. Blair

11.    List continued.

Pueblo Radiology
250 W. Pueblo Street
Santa Barbara, California 93105
(805) 682-7744

Dr. Thomas Zweber
433 Camino del Remedio
Santa Barbara, California 93110
(805) 683-7773

Sharon Gobler @ Novacare Outpatient
151 N. Sunrise Boulevard
Roseville, California 95661
(916) 786-7447

Dr. Richard Sauer
729 Sunrise Boulevard
Roseville, California 95661
(916) 782-9464

Dr. Carlos Ramirez
3420 Coach Lane, #2
Cameron Park, California 95682
(530) 677-0224

Dr. Michael Behrman
2323 De la Vina, #201
Santa Barbara, California 93105
(805) 682-2267

12b.    Amount of Claim for Personal Injury.

(1)    Medical expenses are still being incurred, with no end presently in sight.  Best estimates
could perhaps be obtained by the IRS from the treating physicians listed at Item no. 11,
above.

CLAIM FOR DAMAGE, INJURY OR DEATH
ATTACHMENT TO CLAIM FORM
PAGE SIX

RE:    Edwin J. Blair

12b.   Continued.

(2)    Consequent lost income from claimant's self-employment is calculated from April, 1996 through April, 2018 (@ claimant's age 65 years). This figure is reached using the $200,000.00 net income figure for fiscal year 1995 and using a 10% annual increase factor, yielding a 20 year total loss of $17,499,436.00.

PLEASE SEE SIGNATURE ON CLAIM FORM