**Donald NIGH, Plaintiff,**

v.

**UNITED STATES of America, acting through The U.S. AGRICULTURE DEPARTMENT, The U.S. Forest Service, Paul Strafford Fieldhouse, and John Does 1–10, Defendant.**

**No. CV 07–90–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

Feb. 20, 2008.

Timothy W. McKeon, Timothy W. McKeon Law Firm, Butte, MT, for Plaintiff.

George F. Darragh, Jr., Office of the U.S. Attorney, Great Falls, MT, for Defendant.

## ORDER

DONALD W. MOLLOY, District Judge.

### I. Introduction

Plaintiff, Donald Nigh, brought suit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671–2680, for damages he allegedly incurred as a result of an automobile accident with a U.S. Forest Service employee. The United States moves for summary judgment, claiming this Court lacks subject matter jurisdiction over the suit. Specifically, the United States asserts Nigh failed to present an administrative tort claim for a sum certain to the appropriate federal agency within the two-year statute of limitations established by the FTCA. Because Nigh did not present a sum cer-

tain damages claim to the Forest Service within the statutory period and Nigh's provision of medical bills does not satisfy the sum certain requirement, the Court lacks subject matter jurisdiction to adjudicate Nigh's FTCA claim.

## II. Factual Background

Nigh alleges he sustained injuries in an automobile accident on Montana Secondary Highway 269, also known as "Middle Burnt Fork Road," on July 5, 2004.[1] Nigh was pulling out of a driveway on the east side of the highway to proceed south.[2] U.S. Forest Service employee, Paul Fieldhouse, was driving around a corner, traveling northbound on the east side of the highway.[3] Fieldhouse was driving a self-insured, government vehicle at the time.[4] According to Nigh, a portion of Fieldhouse's vehicle crossed over the center line and struck Nigh's vehicle.[5]

Attorney Timothy McKeon sent a letter to the Stevensville Ranger District of the Bitterroot National Forest on December 8, 2004, indicating he represented Nigh with respect to any claims arising out of the automobile accident.[6] Attached to the letter was an invoice and trip sheet from the Bitterroot Valley EMS, LLC for transportation of Nigh to Marcus Daly Hospital in Hamilton, Montana.[7] The letter stated, "[p]lease initiate payment for this invoice." [8] The letter did not provide a specific figure for the amount of damages Nigh was seeking.[9]

On January 12, 2005, Forest Service Claims Officer Teresa Harshman–Ward wrote a letter in response to McKeon's request for payment of Nigh's outstanding medical costs.[10] The letter stated,

> In order to consider this request, Mr. Nigh must file a claim against the U.S. Forest Service. The claim would be considered under the Federal Tort Claims Act (28 U.S.C. 2671–2680), and must be filed in a "sum certain" amount, which means a final total dollar amount of all claimed costs related to the incident.[11]

Harshman–Ward also informed McKeon that a claimant has two years from the date of the incident to file a claim under the FTCA and provided an SF–95 claim form and instructions as enclosures to the letter.[12]

1. Pl.'s Complaint ¶¶ 10, 13; Def.'s Answer ¶ X; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 1.

2. Pl.'s Complaint ¶ 10; Def.'s Answer ¶ X.

3. Pl.'s Complaint ¶ 10; Def.'s Answer ¶ X.

4. Pl.'s Complaint ¶ 10; Def.'s Answer ¶ X.

5. Pl.'s Complaint ¶ 10.

6. Def.'s Statement of Uncontroverted Facts ¶ 2; Pl.'s Statement of Undisputed Facts ¶ 4; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 1.

7. Def.'s Statement of Uncontroverted Facts ¶ 2; Pl.'s Statement of Undisputed Facts ¶ 4.

8. Def.'s Statement of Uncontroverted Facts ¶ 2; Pl.'s Statement of Undisputed Facts ¶ 4;

Decl. of Micki Tourtelotte (December 17, 2007), Attach. 1.

9. Decl. of Micki Tourtelotte (December 17, 2007), Attach. 1.

10. Def.'s Statement of Uncontroverted Facts ¶ 3; Pl.'s Statement of Undisputed Facts ¶ 5; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 2.

11. Def.'s Statement of Uncontroverted Facts ¶ 3; Pl.'s Statement of Undisputed Facts ¶ 5; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 2.

12. Def.'s Statement of Uncontroverted Facts ¶ 3; Pl.'s Statement of Undisputed Facts ¶ 5; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 2.

McKeon wrote to the Bitterroot National Forest again on April 14, 2005. The letter stated,

> My review clearly indicates that this is a case of clear liability and therefore under Montana law you are responsible to begin paying medical bills as well as wage loss.
>
> . . . .
>
> Also, Mr. Nigh had recently started an auto body repair shop. This accident has greatly affected his income. I will be getting information together relative to lost wages and I will be making a demand to you in the very near future for those amounts.[13]

Copies of Nigh's medical bills were enclosed with the letter, but the letter did not contain a demand for a specific amount of money damages.[14] According to Nigh, a demand was not made at this time because the amount of damages could not yet be ascertained.[15]

The next day, McKeon wrote a letter directly to Fieldhouse, informing him that he had put the Forest Service on notice of the automobile accident and instructing Fieldhouse to "turn [the] matter over to [his] OWN insurance carrier immediately."[16] By letter dated May 23, 2005, Forest Service Claims Specialist Micki Tourtelotte told McKeon to direct any further communication regarding the accident to her as the claims officer assigned to the case rather than Fieldhouse or the Bitterroot National Forest.[17] Tourtelotte also referenced Harshman–Ward's January 12, 2005 letter to McKeon, which informed McKeon that Nigh must file an administrative claim before his request for payment of medical expenses could be considered under the FTCA.[18] Tourtelotte noted the Forest Service had not yet received a claim from Nigh and provided McKeon with another copy of the SF–95 claim form with instructions.[19] Tourtelotte also indicated in the letter that McKeon could contact her if he had further questions.[20]

On August 4, 2005, McKeon sent another letter to the Bitterroot National Forest, enclosing Nigh's most recent medical records from Northern Rockies Rehabilitation and bills and notes from Nu–Care Physical Therapy.[21] The letter did not contain a demand for a specific amount of money damages.[22] The parties did not exchange

13. Decl. of Micki Tourtelotte (December 17, 2007), Attach. 3.

14. Def.'s Statement of Uncontroverted Facts ¶ 4; Pl.'s Statement of Undisputed Facts ¶ 6; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 3.

15. Pl.'s Statement of Undisputed Facts ¶ 6.

16. Def.'s Statement of Uncontroverted Facts ¶ 5; Pl.'s Statement of Undisputed Facts ¶ 7; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 4.

17. Def.'s Statement of Uncontroverted Facts ¶ 6; Pl.'s Statement of Undisputed Facts ¶ 8; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 5.

18. Def.'s Statement of Uncontroverted Facts ¶ 6; Pl.'s Statement of Undisputed Facts ¶ 8;

Decl. of Micki Tourtelotte (December 17, 2007), Attach. 5.

19. Def.'s Statement of Uncontroverted Facts ¶ 6; Pl.'s Statement of Undisputed Facts ¶ 8; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 5.

20. Def.'s Statement of Uncontroverted Facts ¶ 6; Pl.'s Statement of Undisputed Facts ¶ 8; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 5.

21. Def.'s Statement of Uncontroverted Facts ¶ 7; Pl.'s Statement of Undisputed Facts ¶ 10; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 6.

22. Decl. of Micki Tourtelotte (December 17, 2007), Attach. 6.

any further correspondence until more than a year later. On August 24, 2006, Tourtelotte received a letter dated August 23, 2006 from McKeon. The letter stated McKeon had filed a claim on December 8, 2004 on behalf of Nigh for injuries he suffered in the automobile accident.[23] The letter further provided,

> [w]e were advised to complete the enclosed form and send it to you with supporting documentation. We are hereby submitting the claim form and our documentation. Our total claim is for $175,000.00. This includes $15,064.86 for past medical expenses, estimated future medicals based on a possible surgery and follow up care in the amount of $10,134.50 (amounts received from healthcare providers at today's rates), property damage of $6,085.00, and $143,715.64 general damages.[24]

Attached to the letter were a completed SF–95 claim form, signed by McKeon and dated "12–8–04;" documentation regarding the damage to Nigh's vehicle, medical records, and bills; and copies of McKeon's December 8, 2004 letter; Harshman–Ward's January 12, 2005 letter; McKeon's April 14, 2005 letter; and Tourtelotte's May 23, 2005 letter.[25]

Although the parties did not exchange any correspondence between August 2005 and August 2006, Nigh claims McKeon made numerous telephone calls to Tourtelotte and left messages for her during that time period.[26] Nigh maintains Tourtelotte did not return any of these telephone calls.[27] Tourtelotte tells a different story. According to Tourtelotte, her records indicate she received only one telephone call from anyone on behalf of Nigh at any time during this case.[28] The telephone call was placed by Paul McCann, McKeon's brother-in-law, on June 7, 2005.[29] According to Tourtelotte, McCann stated both he and McKeon were representing Nigh and requested information on how to proceed.[30] Tourtelotte claims she discussed the case with McCann and told him how to proceed.[31] Tourtelotte asserts she did not refuse, or fail, to return any telephone calls from McKeon because she did not receive any telephone calls or voice mail messages from McKeon regarding Nigh's claim.[32]

### III. Standard of Review

■■■ The United States moves for summary judgment, arguing the Court lacks subject matter jurisdiction because Nigh failed to present an administrative tort claim for a sum certain within the

23. Def.'s Statement of Uncontroverted Facts ¶ 8; Pl.'s Statement of Undisputed Facts ¶ 12; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 7.

24. Decl. of Micki Tourtelotte (December 17, 2007), Attach. 7.

25. Def.'s Statement of Uncontroverted Facts ¶ 9; Pl.'s Statement of Undisputed Facts ¶ 12; Decl. of Micki Tourtelotte (December 17, 2007), Attach. 8.

26. Pl.'s Statement of Undisputed Facts ¶¶ 9, 11; Decl. of Timothy W. McKeon ¶¶ 7, 9.

27. Pl.'s Statement of Undisputed Facts ¶¶ 9, 11; Decl. of Timothy W. McKeon ¶¶ 7, 9.

28. Def.'s Supplemental Statement of Uncontroverted Facts ¶ 12; Decl. of Micki Tourtelotte (February 1, 2008) ¶ 2.

29. Def.'s Supplemental Statement of Uncontroverted Facts ¶ 12; Decl. of Micki Tourtelotte (February 1, 2008) ¶ 2.

30. Def.'s Supplemental Statement of Uncontroverted Facts ¶ 12; Decl. of Micki Tourtelotte (February 1, 2008) ¶ 2.

31. Def.'s Supplemental Statement of Uncontroverted Facts ¶ 12; Decl. of Micki Tourtelotte (February 1, 2008) ¶ 2.

32. Def.'s Supplemental Statement of Uncontroverted Facts ¶ 12; Decl. of Micki Tourtelotte (February 1, 2008) ¶ 3.

time limits imposed by the FTCA. It is not clear why the United States termed its motion as one for summary judgment as opposed to dismissal. When jurisdictional issues in a case are so intertwined with the merits of the case that the court must resolve factual issues going to the merits when determining whether jurisdiction exists, courts employ the standard applicable to motions for summary judgment in assessing jurisdiction. *Autery v. United States,* 424 F.3d 944, 956 (9th Cir.2005). When jurisdictional and substantive issues are not intertwined, however, the proper avenue for bringing the question of subject matter jurisdiction before the court is a motion to dismiss. *Id.; Caton v. United States,* 495 F.2d 635, 639 (9th Cir.1974). Here, the United States' contention that Nigh failed to file a timely and complete administrative claim is not related to the issue of whether Nigh can prove Fieldhouse was at fault in the automobile accident. *See Gonzalez v. United States,* 284 F.3d 281, 287 (1st Cir.2002); *Caton,* 495 F.2d at 639. Thus, the jurisdictional issue and the merits of this case are not intertwined, and the United States' motion will be construed as a motion to dismiss.

■■■ Construing the United States' motion as a motion to dismiss does not prevent the Court from considering materials outside the pleadings in assessing whether subject matter jurisdiction exists. A motion to dismiss for lack of subject matter jurisdiction may attack either the formal sufficiency of allegations in a complaint or the existence of subject matter jurisdiction in fact. *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir.1979). When the existence of subject matter jurisdiction in fact is at issue, the parties may rely on affidavits or other evidence outside the pleadings in support of their jurisdictional arguments and the district court may weigh this extra-pleading material. *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977). No presumptive truthfulness attaches to allegations in the complaint, and the existence of disputed material facts does not preclude the court from adjudicating the merits of the jurisdictional claim. *Mortensen,* 549 F.2d at 891.[33]

## IV. Analysis

■■■ The United States contends the Court lacks subject matter jurisdiction over Nigh's FTCA claim because Nigh failed to present an administrative tort claim for a sum certain to the Forest Service within the two-year statute of limitations imposed by the FTCA. As a sovereign, the United States is immune from suit except as it consents to be sued. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The terms of the United States' consent to be sued define this Court's jurisdiction to entertain the suit. *Id.* Any "limitations and conditions upon which the United States consents to be sued must be strictly observed." *Henderson v. United States,* 517 U.S. 654, 673, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996).

---

33. Even if the Court were to apply the standard applicable to motions for summary judgment, dismissal for lack of subject matter jurisdiction would still be appropriate here. The only disputed facts are whether McKeon made telephone calls to Tourtelotte for assistance and whether Tourtelotte failed to return those telephone calls. As discussed below, however, these facts are not material to the issue of whether Nigh provided the Forest Service with a sum certain damages claim prior to the expiration of the statute of limitations. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("A fact is material if it could affect the outcome of the suit under the governing substantive law.").

The United States has waived its sovereign immunity, through the Federal Tort Claims Act, for civil actions "for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The waiver of sovereign immunity, however, is limited to instances where "the claimant shall have first presented the claim to the appropriate Federal agency . . ." 28 U.S.C. § 2675(a). A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues or it is forever barred. 28 U.S.C. § 2401(b). A claim is deemed presented for purposes of § 2675(a) when the appropriate federal agency receives from the claimant "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior*, 724 F.2d 776, 780 (9th Cir.1984).[34] These claim presentment requirements are jurisdictional and cannot be waived. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir.1985).

Nigh first contacted the Forest Service regarding payment for injuries he sustained in the automobile accident on De-cember 8, 2004. Nigh, however, did not provide a sum certain for his damages claim until August 24, 2006, when the Forest Service received a letter from McKeon, attaching Nigh's completed SF–95 claim form. Both the letter and the SF–95 claim form indicated Nigh was seeking $175,000.00 in damages. Because the Forest Service did not receive a sum certain damages claim until more than two years after the July 5, 2004 accident, Nigh's FTCA claim is jurisdictionally barred.

Relying on *Molinar v. United States*, 515 F.2d 246 (5th Cir.1975), Nigh argues his submission of medical bills to the Forest Service prior to the expiration of the statute of limitations satisfies the sum certain requirement. The claimant in *Molinar* was injured when her vehicle collided with a vehicle driven by an employee of the Federal Aviation Administration ("FAA"). *Id.* at 247. The claimant wrote a letter to the General Services Administrative "making a demand for property damage and personal injury." *Id.* The letter did not specify the dollar amount demanded, but medical bills and car repair estimates were enclosed with the letter. *Id.* The letter was forwarded to the FAA, who sent the claimant a SF–95 claim form to complete. *Id.* at 248. The claimant returned the completed form after the

---

**34.** The United States suggests the jurisdictional requirement of a sum certain derives from 28 C.F.R. § 14.2(a). This regulation provides:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a). In *Warren v. United States Department of Interior*, 724 F.2d 776, 780 (9th Cir.1984), however, the Ninth Circuit determined that the so-called settlement regulations found at 28 C.F.R. §§ 14.1–14.11 are not jurisdictional requirements and failure to comply with the regulations does not pose a jurisdictional bar to suit in federal court. Instead, the jurisdictional requirement of a "sum certain" derives from 28 U.S.C. § 2675, which provides that an action cannot be instituted under the FTCA for any sum in excess of the amount of the claim presented. *Blair v. Internal Revenue Serv.*, 304 F.3d 861, 865 (9th Cir.2002). According to the Ninth Circuit, it is this statutory provision, not 28 C.F.R. § 14.2(a), that requires a claimant to state a sum certain as a prerequisite to obtaining subject matter jurisdiction. *Id.*

two-year statute of limitations had expired. *Id.* Despite the claimant's failure to specify the dollar amount of her claim within the statutory period, the court concluded it had subject matter jurisdiction to entertain the suit because the claimant's original letter and attached medical bills satisfied the sum certain requirement. *Id.* at 249–50.

*Molinar* is distinguishable from the instant case because the court in *Molinar* limited its holding to the unique facts of that case, and similar facts are not present here. *Id.* at 250 ("[W]e hold only that on the facts presented here, appellee's initial letter and attachments constituted a 'claim.' "). The court in *Molinar* noted the FAA did not provide the claimant with a SF–95 claim form until approximately thirty days before the statute of limitations expired. *Id.* at 249. The court further observed the SF–95 claim form did not mention the two-year statute of limitations or specify that the claimant must claim a sum certain. *Id.* In the instant case, the Forest Service sent Nigh a SF–95 claim form on January 12, 2005, almost a-year-and-a-half before the statute of limitations expired. The Forest Service sent another copy of the form several months later and indicated it had not yet received a claim from Nigh. Additionally, in its January 12, 2005 letter, the Forest Service informed Nigh that his claim "must be filed in a 'sum certain' amount, which means a final total dollar amount of all claimed costs related to the incident."[35] The SF–95 claim forms and instructions provided to Nigh also indicated in three separate places that a claim must specify a sum certain.[36] Because, unlike the claimant in *Molinar*, Nigh was provided with a SF–95

claim form well before the end of the statutory period and he was told his claim must specify a sum certain, *Molinar* is distinguishable.

Additionally, *Molinar*, a Fifth Circuit case, is not particularly persuasive in light of contrary and controlling authority from this Circuit. In *Blair v. Internal Revenue Service*, 304 F.3d 861, 868 (9th Cir.2002), for example, the Ninth Circuit determined the provision of medical bills was not sufficient to satisfy the sum certain requirement. The claimant in *Blair* allegedly sustained injuries during an arrest by Internal Revenue Service ("IRS") agents. *Id.* at 862. The claimant submitted a SF–95 claim form, but did not insert any dollar amount in the space labeled "Amount of Claim" on the form. *Id.* at 863. Instead, the claimant wrote "please see attached." *Id.* The attached documents stated "[m]edical expenses are still being incurred, with no end presently in sight. Best estimates could perhaps be obtained by the IRS from the treating physicians listed in Item No. 11 above." *Id.* The IRS subsequently informed the claimant it could not process his administrative claim while the amount sought for medical expenses remained undetermined. *Id.* In response, the claimant provided copies of existing medical records and bills. *Id.* The Ninth Circuit concluded it lacked subject matter jurisdiction to adjudicate the claimant's request for medical expenses because the medical bills submitted by the claimant did not designate a total sum claimed. *Id.* at 868–69. In so holding, the court rejected claimant's assertion that the medical bills and records he submitted "made the total claim certain because the cumulative amounts on the

---

**35.** Decl. of Micki Tourtelotte (December 17, 2007), Attach. 2.

**36.** *See, e.g.,* Decl. of Micki Tourtelotte (December 17, 2007), Attach. 2, at 3 ("Failure to

specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.").

bills represent a definite sum in medical expenses." *Id.* at 868.

Similarly, in *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir.1981), the court determined wage statements and funeral bills were not sufficient to satisfy the sum certain requirement. The claimant in *Bailey* died in an explosion on an Air Force base. *Id.* at 345. The attorney for the claimant's heirs sent the Air Force a wage statement from the claimant's employer and funeral bills, and indicated he would be filing an administrative claim in the near future. *Id.* at 345–46. The attorney subsequently mailed a completed SF–95 claim form to the Air Force, but it was never received. *Id.* In concluding subject matter jurisdiction did not exist, the court noted it could not treat the furnishing of funeral expenses and wage data as a claim because the documents did not meet the sum certain requirement. *Id.; see also Caidin v. United States*, 564 F.2d 284, 287

(9th Cir.1977) ("[T]he sum certain requirement demands more than mere general notice to the government of the approximate amount of a claim. Since the purpose of the administrative claim is to facilitate settlement of these disputes, a specific dollar amount is necessary to allow realistic assessment of the settlement value of a case." (citations omitted)); *Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir.1972) (upholding dismissal of suit under Federal Tort Claims Act where the space on the SF–95 claim form labeled "Amount of Claim" was left blank).[37]

As these cases demonstrate, submission of medical or other bills to the appropriate federal agency does not, by itself, satisfy the sum certain requirement. Because Nigh did not provide the Forest Service with a definite dollar amount for his claim before the expiration of the statute of limitations period, this Court does not have subject matter jurisdiction to adjudicate Nigh's FTCA claim.[38]

37. Nigh also relies on *Williams v. United States*, 693 F.2d 555 (5th Cir.1982), in support of his contention that the provision of medical bills is sufficient to satisfy the sum certain requirement. Like *Molinar,* however, *Williams* is neither controlling nor particularly persuasive. The claimant in *Williams* filed a complaint in state court, seeking damages for injuries he suffered in an automobile accident involving a U.S. Postal Service employee. *Id.* at 556. The state court complaint contained an itemized list of damages and specified the total amount of damages sought. *Id.* The claimant subsequently dismissed the state court suit and filed an administrative claim form with the Postal Service. *Id.* The administrative claim form did not specify the total amount of damages claimed. *Id.* The Fifth Circuit determined the claimant's administrative claim and the state court complaint, taken together, satisfied the FTCA's jurisdictional requirements because a sum certain was enumerated in the state court complaint and the United States was aware of the sum sought. *Id.* at 558. *Williams* is inapposite here because Nigh did not file a state court complaint, or provide any other document to the Forest Service that specified

a sum certain claim for damages, prior to the expiration of the FTCA's statutory period.

38. Nigh maintains the United States' motion is based solely on his failure to file a SF–95 claim form within the statute of limitations period. Nigh is incorrect. The United States acknowledges a sum certain claim does not have to be provided on a SF–95 claim form. United States' Reply Brief, at 3; *see also* 28 C.F.R. § 14.2(a) (permitting a claimant to provide "an executed Standard Form 95 or *other written notification of an incident,* accompanied by a claim for money damages in a sum certain" to satisfy the claim presentment requirement (emphasis added)); *Blair,* 304 F.3d at 866 (concluding document indicating the claimant suffered lost income in an amount totaling $17,499,436.00 satisfied sum certain requirement even though SF–95 claim form did not contain sum certain). Nigh's claim was deficient not because it was not presented on a SF–95 claim form, but because he did not provide the Forest Service with any document prior to the end of the statutory period that placed a sum certain amount on his damages claim.

Nigh also asserts it was not possible for him to state a sum certain before the end of the statutory period. Nigh notes the injuries he sustained in the automobile accident required a future surgery and he was having difficulty operating his recently-opened auto body repair shop because of his injuries. According to Nigh, his attorney attempted, to no avail, to contact Tourtelotte by telephone on several occasions to inquire about providing a sum certain for damages when the amount of damages could not be determined with certainty. Nigh asserts he did not want to provide an inaccurate sum certain and be prevented from seeking more damages in future litigation. *See* 28 U.S.C. § 2675. As an initial matter, § 2675 does not limit the amount of damages a claimant can seek in subsequent legal action if the increase in alleged damages is based on "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency" or "allegation and proof of intervening facts, relating to the amount of the claim." *Id.* Moreover, the Ninth Circuit has implicitly rejected Nigh's argument regarding unascertainable damages. In *Caton*, the court upheld the dismissal of a FTCA claim for failure to satisfy the sum certain requirement where the claimant wrote "Unknown at this time" in the space on the SF–95 claim form labeled "Amount of Claim" for "Personal Injury." 495 F.2d at 636, 638.

Nigh finally argues the United States should be estopped from asserting a statute of limitations defense because Tourtelotte did not return McKeon's repeated telephone calls or inform Nigh that his claim was still incomplete after Nigh provided medical bills on August 4, 2005. This argument too is without merit. First, the Forest Service informed Nigh that it had not yet received an administrative claim from him after he provided medical bills with his December 8, 2004 and April 14, 2005 letters. There was no reason for Nigh or his attorney to believe his claim was any more complete after he provided even more medical bills, but no sum certain, on August 4, 2005. Second, and more importantly, because the sum certain requirement is jurisdictional in nature, the government cannot be estopped from asserting it as a defense. *Burns,* 764 F.2d at 724. Because Nigh did not provide the Forest Service with a sum certain for his FTCA claim within two years of the automobile accident, the Court lacks subject matter jurisdiction to adjudicate Nigh's FTCA claim.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment (dkt # 6) is converted to a motion to dismiss and GRANTED.

The Clerk of Court is directed to close this case.