NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LANCE INVESTIGATION SERVICE,
INC., Respondent.

No. 1013, Docket 81–4247.

United States Court of Appeals,
Second Circuit.

Argued April 22, 1982.

Decided May 13, 1982.

John D. Burgoyne, Asst. Gen. Counsel, N. L. R. B., Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., of counsel), for petitioner.

David A. Kapelman, New York City, for respondent.

Before MOORE, FRIENDLY and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

The National Labor Relations Board (NLRB) petitions pursuant to section 10(e) of the National Labor Relations Act, 29 U.S.C. §§ 151 et seq. (1976), for enforcement of a bargaining order issued on July 23, 1981 against Lance Investigation Service, Inc. (Lance), 257 N.L.R.B. No. 32 (July 23, 1981). The NLRB found that Lance had violated sections 8(a)(5) and (1) of the Act by refusing to bargain with Special and Superior Officers Benevolent Association (Union) following the Union's certification as the exclusive bargaining representative of certain security guards employed by Lance.

Lance challenges enforcement of the bargaining order by arguing that the Union's distribution of several handbills and leaflets prior to the election impinged upon the employees' freedom of choice and therefore destroyed the "laboratory conditions necessary for the conduct of a free and fair election," *NLRB v. Hale Manufacturing Co.*, 602 F.2d 244, 249 n.11 (2d Cir. 1979); *see General Shoe Corp.*, 77 N.L.R.B. 124, 127 (1948). Specifically, Lance argues that the literature threatened that employees would lose their jobs if the Union lost the election. The NLRB's Regional Director rejected Lance's claims after an investigation but without a hearing, *see* 29 C.F.R. § 102.69 (1981), and the Board, also without a hearing, affirmed and certified the Union. Subsequently, Lance refused to bargain with the Union and the NLRB issued the bargaining order it now petitions this Court to enforce.

Three pieces of Union campaign literature are the subject of Lance's challenge. The first, distributed by the Union roughly one month before the election, urged employees to vote for the Union in order to receive higher wages and better benefits. The distribution also contained a crude reproduction of a twenty dollar bill with a drawing of a police badge in place of Andrew Jackson's picture, which Lance argued connoted government support for the Union.[1] A second leaflet was circulated several weeks before the election and again impressed on employees the higher wages and medical benefits incident to Union membership. The portion considered offensive by Lance states:

> We know that your wages are very low, and you do not have any medical benifits [sic], or any benifits [sic] for that matter, thats [sic] why on August 4 you will have the chance to vote Union, its [sic] not a matter of choice but of survival for you and your family.

The leaflet then documented the wages and benefits enjoyed by most members of the Union.

The final distribution came on August 1, 1981, the Friday before the August 4 election. Among statements concerning Union benefits was the following remark:

> The Boss will tell you almost anything, in order for him to win this election, but this is more than just an election, this is survival for you and your family, this is joy instead of sorrow, and laughter instead of tears.

Also distributed at that time was a drawing of a hobo in tattered clothing with a caption reading, "I had a chance to vote 'YES'— But the boss said I didn't need a Union." The election resulted in 107 votes for the Union, 67 against, and 5 challenged ballots.

## DISCUSSION

Lance's sole claim against enforcement is that the literature described above interfered with the employees' freedom of choice by threatening those favoring the Union with job loss. Lance asserts that, at the very least, it was entitled to a hearing to probe the effect of the distributions on the employees. We disagree.

A party is entitled to a hearing only if it demonstrates by *prima facie* evidence the existence of " 'substantial and material factual issues' which, if resolved in its favor, would require the setting aside of the representation election." *NLRB v. Bristol Spring Manufacturing Co.*, 579 F.2d 704, 706–07 (2d Cir. 1978). We find Lance's contention that the Union literature threatened employees with job loss utterly frivolous. Unlike other cases in which we have held that a hearing was required, *see, e.g., NLRB v. Nixon Gear, Inc.*, 649 F.2d 906, 910–14 (2d Cir. 1981), there has been no showing here that the literature misstated any facts. The distributions contained statements only to the effect that the employees would be far better off with the Union than without it, and referred to typical Union wages and benefits as support. This amounted to no more than the usual permissible campaign rhetoric. It would stretch the imagination to suggest that these distributions either expressly or impliedly threatened workers with job loss. Where Lance's claims were facially without merit and lacked any semblance of evidentiary support, and where the election was so one-sided, a hearing was certainly unnecessary. *NLRB v. Whitney Museum of American Art*, 636 F.2d 19, 23 (2d Cir. 1980).

The NLRB has moved for an award of costs and counsel fees pursuant to Fed.R. App.P. 38 on the ground that Lance's arguments supporting its refusal to bargain are frivolous and dilatory in purpose. We conclude that Lance was either poorly advised to challenge the certification election or was determined to delay its bargaining obligations. Accordingly, we grant the NLRB's motion. The NLRB may submit a bill of costs and counsel fees for approval.

Enforcement granted.

---

1. Lance failed to raise this claim at oral argument and made only a passing reference in its brief. *See* Brief for Lance at 16 n.7. We are therefore uncertain whether Lance has abandoned the argument on appeal. In any event, we find this argument meritless.

LEONARD P. MOORE, Circuit Judge (concurring in part; dissenting in part):

I concur in the granting of the Board's enforcement order, but dissent from holding that the election was "so one-sided" as to justify a conclusion that Lance's "refusal to bargain [was] frivolous and dilatory in purpose". Even accepting the majority characterization of the literature as "the usual permissible campaign rhetoric", I cannot agree that a vote of 107 pro union and 67 against is so one-sided as to invite the consequences of costs and attorneys' fees which the majority suggests; nor can I accept the conclusion that "Lance was either poorly advised to challenge the certification election" or that it was "determined to delay its bargaining obligations". In either case, counsel or the client would be acting at his peril in resisting any enforcement proceeding. Neither should be put in that position.