NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL CASTRO; TERESA CASTRO, | No. 23-15841 |
| Plaintiffs-Appellants, | D.C. No. 5:22-cv-01829-VKD |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding

Submitted June 3, 2024[**]
San Francisco, California

Before: S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT, District Judge.[***]
Concurrence by Judge BUMATAY

This appeal involves claims brought by Plaintiffs-Appellants Miguel and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Teresa Castro under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, for personal injuries resulting from an April 2020 collision with a vehicle driven by a United States Postal Service ("USPS") employee. The district court granted partial summary judgment in favor of the United States for lack of subject matter jurisdiction over the Castros' personal injury claims because the Castros failed to present their personal injury claims to the USPS prior to instituting this action as required by 28 U.S.C. § 2675(a). The Castros have appealed that entry of partial summary judgment, challenging the district court's determination that it lacked jurisdiction over the Castros' personal injury claims and secondarily challenging the FTCA's sum certain requirement as unconstitutional. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of partial summary judgment de novo, *2 Bar Ranch Ltd. P'ship v. U.S. Forest Serv.*, 996 F.3d 984, 990 (9th Cir. 2021), to determine, "viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law," *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003). We affirm.

1. The FTCA requires that before an action may be commenced in court, the claimant must "present" his claim to the appropriate administrative agency for determination. 28 U.S.C. § 2675(a). This Court has previously explained that this claims presentation requirement is jurisdictional. *Avery v. United States*, 680 F.2d

2

608, 611 (9th Cir. 1982). A claim is deemed presented for purposes of § 2675(a) when a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc); *see also* 28 C.F.R. § 14.2(a).

Here, the Castros did not present a sum certain to the USPS for their sole remaining claim of personal injury. Instead, the Castros stated, "To be determined. Still treating." The Castros do not dispute that they did not allege a sum certain value. Rather, they first argue that the district court "incorrectly analyzed the FTCA exhaustion requirement by focusing on the 'sum certain' requirement of 28 U.S.C. § 2675 without also considering that the requirement to state a sum certain is not found in the text of 28 U.S.C. § 2675." But it's well-established under our precedent that a claimant must supply a sum certain to satisfy § 2675. *See Blair v. IRS*, 304 F.3d 861, 865 (9th Cir. 2002); *Warren*, 724 F.2d at 780. Given the clarity of the law in our circuit, we needn't inquire any further to dispose of this argument.

The Castros further argue that because their personal injury damages were uncertain at the time, it was not possible for them to have placed a certain value on their personal injury claims.[1] This argument overlooks the flexibility provided by

---

[1] It is noteworthy that the Castros submitted their SF 95 to the USPS in August 2020—approximately four months after the April 11, 2020 incident—long

3

the FTCA in giving claimants ample opportunity to amend their claims as the evidence develops. *See* 28 U.S.C. § 2675(b); 28 C.F.R. § 14.2(c); 39 C.F.R. § 912.5(b). It also overlooks this Court's decision in *Blair*, which held that a claimant's ongoing medical treatment does not exempt her from the jurisdictional obligation to present a claim for a sum certain to the appropriate agency as required by 28 U.S.C. §§ 1346(b) and 2675(a)–(b) and 28 C.F.R. § 14.2(a). 304 F.3d at 863, 868–69 (holding that claims presentation requirement was not met where claimant stated "[m]edical expenses are still being incurred, with no end presently in sight").

In sum, the Castros need only have presented some specific valuation of their personal injury claims to the USPS, and their failure to do so means they did not present their claim and consequently did not exhaust their administrative remedies. The Castros' failure to present their personal injury claims to the USPS prior to filing their complaint in the district court precluded the district court from having jurisdiction over their personal injury claims. As such, the district court properly granted partial summary judgment over their personal injury claims.

2. The Castros argue that the FTCA's sum certain requirement is unconstitutional because compliance with the requirement could possibly subject claimants to criminal liability under either 18 U.S.C. § 287, which imposes criminal

---

before the statutory period under the FTCA would have expired. *See* 28 U.S.C. § 2401(b) (providing that a tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues).

liability on persons who make false claims against the federal government, or 18 U.S.C. § 1001, which imposes criminal liability on persons who make a false statement to an agent or agency of the federal government related to a federal issue.

In rejecting this argument as unpersuasive, the district court characterized the Castros' constitutional argument as "not well-developed." Indeed, the Castros' argument is unpersuasive. 18 U.S.C. § 287 requires that the false statement be made by the person "knowing such claims to be false, fictitious, or fraudulent," and § 1001 requires any false statement to be "knowingly and willfully" made. As such, the plain language of §§ 287 and 1001 precludes penalization of a damages estimate made in good faith. At bottom, the Castros' constitutional argument is unavailing.

**AFFIRMED.**

BUMATAY, Circuit Judge, concurring:

In recent times, courts have been reevaluating whether past decisions holding a particular statutory requirement "jurisdictional" remains good law. *See, e.g.*, *Harrow v. Dep't of Defense*, 144 S. Ct. 1178 (2024) (holding that a 60-day filing deadline for review of an adverse personnel action was not jurisdictional). It may be time for the Federal Torts Claim Act's ("FTCA") exhaustion requirement to step into the spotlight.

The FTCA requires claimants to exhaust all available administrative remedies before filing a suit in federal court. 28 U.S.C. § 2675(a). Our court has repeatedly

5

described this exhaustion requirement as "jurisdictional" and, thus, unwaivable. *See, e.g.*, *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985); *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977). We reached that conclusion without really explaining why. *See Blain*, 552 F.2d at 291. Instead, we simply adopted the reasoning of another circuit court which held that "since the [administrative] claim must precede the suit, the requirement is jurisdictional and cannot be waived." *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). But that explanation doesn't track with what the Supreme Court says about the distinction between a jurisdictional requirement and a mandatory claim-processing rule. *See, e.g.*, *Santos-Zacaria v. Garland*, 598 U.S. 411, 419–24 (2023); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1848–52 (2019); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19–20, 24–28 (2017); *Henderson v. Shinseki*, 562 U.S. 428, 435–36, 438–442 (2011). And the Seventh Circuit doesn't even adhere to this view anymore. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) (noting that while *Best Bearings Co.* concluded § 2675(a) was jurisdictional, the Seventh Circuit "no longer treats § 2675(a) as a jurisdictional prerequisite").

The distinction between jurisdictional and non-jurisdictional rules is important. Jurisdictional rules "set[] the bounds of the court's adjudicatory

6

authority" while non-jurisdictional rules "govern how courts and litigants operate within those bounds." *Santos-Zacaria*, 598 U.S. at 416 (simplified). Claim-processing rules "seek to promote the orderly progress of litigation by requiring that parties take certain procedural steps at certain specified times" and, though they are non-jurisdictional, "may [still] be mandatory in the sense that a court must enforce the rule if a party properly raises it." *Davis*, 139 S. Ct. at 1849 (simplified). Ultimately, the question of whether an exhaustion requirement is jurisdictional or claim-processing is one of statutory interpretation. *See Santos-Zacaria*, 598 U.S. at 416–17. And the Court strictly abides by the principle that a rule is only jurisdictional if Congress clearly states it is. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006); *Santos-Zacaria*, 143 S. Ct. at 1113 ("[W]e have yet to hold that any statutory exhaustion requirement is jurisdictional when applying the clear-statement rule that we adopted in *Arbaugh*.").

So we begin with the language of the statute. Section 2675(a) reads in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

While the statute requires (1) claimants to present their claims to an agency and (2) that the claim be denied before the claimant can sue the agency in court, the mere fact that the statute contains mandatory language doesn't mean it's jurisdictional. *Davis*, 139 S. Ct. at 1852 ("[A] rule may be mandatory without being jurisdictional.").

A jurisdictional requirement can only be established by clear and plain language. Section 2675(a) doesn't have such language. Section 2675(a) does "not speak to a court's authority . . . or refer in any way to the jurisdiction of the district courts." *Davis*, 139 S. Ct. at 1851–52 (simplified). Rather, the statute imposes restrictions on a would-be plaintiff that must be complied with before a claim can be presented to the district court. That's a "quintessential claim-processing rule." *Santos-Zacaria*, 598 U.S. at 417. Thus, on its face, § 2675(a) is not a jurisdictional provision. *See Copen v. United States*, 3 F.4th 875, 881–82 (6th Cir. 2021) (concluding § 2675 "is a mandatory claims-processing rule"); *see also ECC Int'l Contractors, LLC v. Sec'y of Army*, 79 F.4th 1364, 1375–76 (Fed. Cir. 2023) (concluding an analogous sum certain requirement was non-jurisdictional).

So Congress needs to be explicit when it establishes a jurisdictional rule. Congress didn't do so here and thus our court is wrong to classify § 2675(a) as jurisdictional. This mistake has consequences. As the Supreme Court has warned, treating a claim-processing rule as a jurisdictional one "could disserve the very

interest of efficiency that exhaustion ordinarily advances." *Santos-Zacaria*, 598 U.S. at 418 (simplified). While this error changes nothing here, it's significant enough to warrant correction in an appropriate case.